UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BIOGEN IDEC INC., BIOGEN IDEC MA,
INC. and GENZYME CORPORATION

                    Plaintiffs,

      v.

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW
YORK,

                    Defendant.

Civil Action No. 04-CV-12009 MLW

## COLUMBIA UNIVERSITY'S MEMORANDUM
## IN SUPPORT OF MOTION TO DISMISS

Dated:  October 1, 2004

Thomas F. Maffei (BBO # 313220)
Scott McConchie (BBO # 634127)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA  02210-2600
(617) 542-9900
(617) 542-0900 (fax)

Morgan Chu
David I. Gindler
Jason G. Sheasby
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

ATTORNEYS FOR THE TRUSTEES
OF  COLUMBIA  UNIVERSITY  IN
THE CITY OF NEW YORK

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    PRELIMINARY STATEMENT.................................................................................. 1

II.   THE COURT SHOULD REJECT PLAINTIFFS' EFFORTS TO
      CIRCUMVENT RULE 15 AND SHOULD DISMISS THIS
      DUPLICATIVE ACTION.................................................................................... 3

III.  CONCLUSION .................................................................................................... 8

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barapind v. Reno*,
    72 F. Supp. 2d 1132 (E.D. Cal. 1999) ..........................................................................5

*Clarke v. City of New York*,
    Nos. CV-96-5762(ERK), CV-98-7297(ERK), 1999 WL 608857 (E.D.N.Y.
    July 22, 1999) ...............................................................................................................5

*Covel v. Safetech, Inc.*,
    90 F.R.D. 427 (D. Mass. 1981) .....................................................................................3

*Fawcett v. Ditkowsky*,
    No. 92 C 2371, 1992 WL 186065 (N.D. Ill. July 27, 1992)........................................5, 6

*Finch v. Hughes Aircraft Co.*,
    926 F.2d 1574 (Fed. Cir. 1991) .....................................................................................4

*Fiore v. McDonald's Corp.*,
    Nos. CV-95-2708, 96-CV-0376, 1996 WL 331090 (E.D.N.Y. June 12,
    1996)................................................................................................................................5

*Friends of the Earth, Inc. v. Crown Central Petroleum Corp.*,
    95 F.3d 358 (5th Cir. 1996)...........................................................................................4

*In re Porter*,
    295 B.R. 529 (Bankr. E.D. Pa. 2003).............................................................................6

*In re Stone & Webster, Inc., Securities Litigation*,
    217 F.R.D. 96 (D. Mass. 2003) .....................................................................................4

*Jones v. Brockton Public Markets, Inc.*,
    369 Mass. 387 (1975).....................................................................................................2

*Kutner Buick, Inc. v. Mobil Oil Corp.*,
    Civ.A. No. 95-0728, 1995 WL 316336 (E.D. Pa. 1995)................................................6

*Oliney v. Gardner*,
    771 F.2d 856 (5th Cir. 1985)..........................................................................................4

*Zatko v. Director, Cal. Dep't of Corrections*,
    No. C 91-2721 BAC, 1992 U.S. Dist. Lexis 19992 (N.D. Cal. Nov. 13,
    1992)................................................................................................................................6

- ii -

Page(s)

**Statutes**

Fed. R. Civ. P. 15 ...................................................................................................4, 5, 6, 7

Fed. R. Civ. P. 15(a)....................................................................................................3, 5

Fed. R. Civ. P. 15(d) ......................................................................................................5

Mass. Gen. Laws ch. 93 A, §§ 1 and 11 .......................................................................2

## I.    PRELIMINARY STATEMENT

At a telephone conference conducted on September 9 in *In re Columbia University Patent Litigation*, counsel for plaintiffs Biogen Idec MA, Inc. ("Biogen") and Genzyme Corporation ("Genzyme") indicated that they desired to "supplement" their complaint to assert new allegations and new claims for relief.  In response, the Court made very clear that plaintiffs must file a motion seeking leave to do so:  "Well, you'd have to move for leave to amend it, and then I'd have to decide if that's contested and, if it's contested, whether the interests of justice make it appropriate."  Ex. A (Tr. at 20:13-16).

Instead of complying with this Court's instructions, Biogen and Genzyme have affirmatively sought to evade them.  They did not move to amend.  Rather, more than fifteen months after they commenced this action, and with no advance notice to Columbia or the Court, they filed an entirely new action in which they reasserted the same allegations and same claims for relief included in their previously filed action, along with four additional claims for relief and one new party—Biogen Idec Inc. ("Biogen Idec"), Biogen's parent.

The Court should reject plaintiffs' transparent effort to evade the requirements of Federal Rule of Civil Procedure 15.  The rules governing amendments or supplements to a complaint are clear.  If Biogen and Genzyme desire to amend or supplement their complaint, they must seek leave from this Court *before simply filing their amended pleading*.  They are not entitled to the self-help remedy of filing a duplicative action containing their desired amendments.  Biogen and Genzyme must explain the grounds for the amendment, and they must establish that the proposed claims for relief have been brought in a timely manner, are not prejudicial to Columbia, and would not be futile.  Plaintiffs have made no attempt to comply with any of these requirements.

1186941                              - 1 -

It is understandable that plaintiffs have sought to evade the requirements of Rule 15, as there are fatal defects with each of their proposed claims. Some of the defects involve fundamental black letter law. For example, plaintiffs seek to allege a cause of action against Columbia for "abuse of process," even though Columbia has never served Biogen or Genzyme with any "process." *Jones v. Brockton Public Markets, Inc.*, 369 Mass. 387, 390 (1975) ("in the context of abuse of process, 'process' refers to the papers issued by a court to bring a party or property within its jurisdiction," *e.g.*, a writ of attachment, the process used to initiate a civil action, and the process related to the bringing of criminal charges).

Plaintiffs' other proposed claims look no more promising. Plaintiffs purport to assert a claim for breach of contract based on conduct that cannot possibly violate the parties' license agreement, such as Columbia's *litigation conduct* in opposing the motion for a preliminary injunction, filing a motion to transfer, and even filing the Covenant Not to Sue ("Covenant"). Plaintiffs also purport to assert a claim for violation of Mass. Gen. Laws ch. 93 A, §§ 1 and 11, a statute that protects against unfair competition and has no conceivable application to the parties' dispute over the '275 patent. In addition, plaintiffs include a purported claim for patent misuse, even though the Covenant eliminates subject matter jurisdiction over any such claim. Finally, plaintiffs propose to join Biogen's parent, Biogen Idec, as a plaintiff, even though that company is not a party to any agreement with Columbia and has no basis to allege that it has any reasonable apprehension of an infringement suit.

The obvious reason for plaintiffs' attempt to assert these new claims for relief is to find some way—any way—to continue prosecuting their allegations that the '275 patent is invalid on double patenting grounds. They understand that, under a well established body of Federal Circuit case law, Columbia's Covenant eliminates subject matter jurisdiction over their claims seeking a declaration that the '275 patent is invalid and unenforceable and that

no royalties are owed to Columbia on that basis. Accordingly, Biogen and Genzyme have attempted to manufacture four new claims—all of which are futile—in the hope that the Court will continue the expedited double patenting phase of this case. Of course, the Court carved out double patenting for expedited resolution because, until Columbia filed its Covenant, double patenting was a central, dispositive claim in this multidistrict litigation. Columbia does not believe that double patenting is relevant to any of plaintiffs' proposed new claims. But even taking plaintiffs' allegations at face value, double patenting is not the central dispositive issue in any of the four new claims that Biogen and Genzyme desire to assert, all of which have numerous other elements of proof.

The Court should require plaintiffs to follow the rules. Accordingly, this second-filed, duplicative action should be dismissed.

## II.  THE COURT SHOULD REJECT PLAINTIFFS' EFFORTS TO CIRCUMVENT RULE 15 AND SHOULD DISMISS THIS DUPLICATIVE ACTION

Under Federal Rule of Civil Procedure 15, after a responsive pleading has been served, "a party may amend the party's pleading *only* by leave of court or by written consent of the adverse party . . . ." Fed. R. Civ. P. 15(a) (emphasis added). Rule 15 governs not only amending or supplementing the pleadings, but also adding or dropping parties to the case. *See, e.g., Covel v. Safetech, Inc.*, 90 F.R.D. 427, 433-35 (D. Mass. 1981) (after "considering the factors relevant under Fed.R.Civ.P. 15(a) to allowing the amendment adding . . . a party[,]" the court determined that amended complaint adding party was proper). Here, the Court made very clear to counsel for Biogen and Genzyme at the September 9 hearing that they would "have to move for leave to amend" under Rule 15 if they desired to supplement their pleading with additional allegations. While leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), leave to amend may

be denied upon a showing of futility of amendment, undue delay, or prejudice to the

opposing party. *See, e.g., In re Stone & Webster, Inc., Securities Litigation*, 217 F.R.D. 96,

98 (D. Mass. 2003) ("A district court's decision to deny leave to amend, pursuant to rule

15(a), will not be found to be an abuse of its discretion where there appears to be an

adequate reason for the denial of leave to amend (e.g., undue delay, bad faith, dilatory

motive, futility of amendment, prejudice[.])") (quotations omitted).

Biogen and Genzyme have prevented the Court from considering any of these

factors—notwithstanding this Court's very clear instructions at the September 9 hearing—

by filing a duplicative action that incorporates all of the allegations of their currently

pending action, plus four new claims for relief and one new party. This ploy is entirely

improper. It is well established that a party may not circumvent Rule 15 by filing a

duplicative action that includes a desired amendment that the party could have sought leave

to add to the original case. In such circumstances, the duplicative action should be

dismissed. *See Friends of the Earth, Inc. v. Crown Central Petroleum Corp.*, 95 F.3d 358,

362 (5th Cir. 1996) ("When a plaintiff files a second complaint alleging the same cause of

action as a prior, pending related action, the second complaint may be dismissed. . . . This

rule finds particular application where, as here, the plaintiff files the second complaint to

achieve procedural advantage by circumventing the rules pertaining to the amendment of

complaints.") (quotations omitted); *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1577 (Fed.

Cir. 1991) (in affirming dismissal of second complaint filed in same court in which motion

for leave to amend was pending, court explained that a "trial court has discretion to dismiss

a complaint which simply duplicates another pending related action"); *Oliney v. Gardner*,

771 F.2d 856, 859-60 (5th Cir. 1985) (where plaintiff "deliberately attempted to circumvent

both local rule 2.5 of the Eastern District of Louisiana and Fed. R. Civ. P. 15 by filing, and

failing to inform the court or opposing counsel of a second identical lawsuit while the first

lawsuit was still pending . . . the district court could properly dismiss the second suit as

duplicative of the first, which was still pending.").[1]

In their opposition to Columbia's motion to dismiss for lack of subject matter

jurisdiction, Biogen and Genzyme appear to suggest that because the newly asserted claims

relate to occurrences "that have happened since the date of pleading" in this case, these

claims "are properly considered by the Court within the context of this case," even though

they failed to seek permission to add them. Biogen Opp. at 26. Nothing could be further

from the truth. Even if the new claims are "supplemental" allegations governed by

Rule 15(d), as plaintiffs suggest, they still must seek leave of court to assert them in this

action. Fed. R. Civ. P. 15(d) ("Upon motion of a party the court may, upon reasonable

notice and upon such terms as are just, permit the party to serve a supplemental pleading

setting forth transactions or occurrences or events which have happened since the date of the

pleading sought to be supplemented.").

Biogen and Genzyme will likely argue that the Court should simply consolidate the

second-filed action with their original action. That suggestion would fly in the face of this

---

[1] *See also Clarke v. City of New York*, Nos. CV-96-5762(ERK), CV-98-7297(ERK), 1999 WL 608857, at *15 (E.D.N.Y. July 22, 1999) (where "the new complaint against Sergeant Repetti, arising out of the same events . . . is an effort to amend the initial complaint without the permission required by Fed. R. Civ. P. 15(a) [,] . . . the complaint against him would be subject to dismissal."); *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (in dismissing second action after "Plaintiff did not seek to . . . amend [in first action] . . . under . . . Federal Rule of Civil Procedure Rule 15," court explained that "[a]lthough the number of claims have expanded, they all seek the same result"); *Fiore v. McDonald's Corp.*, Nos. CV-95-2708, 96-CV-0376, 1996 WL 331090, at *12 (E.D.N.Y. June 12, 1996) ("Because the complaint filed by the plaintiffs . . . involves identical parties and identical issues to a case already pending in this Court, the second complaint . . . must be dismissed.") (internal citation omitted); *Fawcett v. Ditkowsky*, No. 92 C 2371, 1992 WL 186065, at *3 (N.D. Ill. July 27, 1992) (dismissing duplicative action on ground that "Plaintiffs in effect propose an end-run around Federal Rule of Civil Procedure 15").

Court's clear directive as well as the purposes of Rule 15. *See Fawcett*, 1992 WL 186065, at *4 ("Of course, we could avoid this duplication by doing as the Plaintiffs ask and consolidating the cases. We decline this invitation, for to accept it would be for all practical purposes to announce to Judge Rovner that she is incapable of ruling on a Motion [to Amend] brought before her Court."); *see also In re Porter*, 295 B.R. 529, 544 (Bankr. E.D. Pa. 2003) (after plaintiff withdrew motion to amend and subsequently filed duplicative action, court determined that dismissal, rather than consolidation, was appropriate because plaintiff "cannot use duplicative litigation to circumvent constraints upon amending litigation"); *Kutner Buick, Inc. v. Mobil Oil Corp.*, Civ.A. No. 95-0728, 1995 WL 316336, at *3 (E.D. Pa. 1995) (noting that plaintiffs "could have sought to amend their [first] complaint[,]" court dismissed second action because "permitting [plaintiffs] to file the second complaint and consolidate it with [first] case would be unjust"); *Zatko v. Director, Cal. Dep't of Corrections*, No. C 91-2721 BAC, 1992 U.S. Dist. Lexis 19992, at *4-5 (N.D. Cal. Nov. 13, 1992) (court found dismissal, rather than consolidation, proper because "the present complaint . . . is repetitive of the issues raised in [a previous action]").[2] Columbia should be permitted to oppose the addition of meritless new claims fifteen months after the filing of this action.

Doubtless worried that the Court would not allow the addition of their new (meritless) claims, Biogen and Genzyme bypassed the judicial approval contemplated by Rule 15 and instead filed an entirely new suit. Their purpose is obvious: to avoid filing a motion for leave to amend in which they would need to establish that their claims are not

---

[2] Because this case is not available on Westlaw, it is attached as Exhibit B for the Court's convenience.

futile, that Columbia would not be prejudiced, and that they have not unduly delayed.  The

Court should reject these plaintiffs' efforts to avoid the requirements of Rule 15.

**III.    <u>CONCLUSION</u>**

For the foregoing reasons, Columbia respectfully requests that the Court grant this

motion to dismiss.

October 1, 2004                                Respectfully submitted,

                                               THE TRUSTEES OF COLUMBIA
                                               UNIVERSITY IN THE CITY OF NEW YORK


                                               By its attorneys,

                                                _/s/ David I. Gindler_____
                                               David I. Gindler
                                               Irell & Manella LLP