# Exhibit B

LEXSEE 1992 U.S. DIST. LEXIS 19992

**VLADIMIR ZATKO, Plaintiff, v. DIRECTOR, CALIFORNIA DEPARTMENT OF CORRECTIONS; WARDEN, PELICAN BAY STATE PRISON, Defendant.**

Case No. C 91-2721 BAC

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

1992 U.S. Dist. LEXIS 19992

November 13, 1992, Decided
November 16, 1992, Filed; November 17, 1992, Entered

**CORE TERMS:** memorandum, appointment of counsel, duplicate, civil rights, exact, judicial process, constantly, prefiling, frivolous, cell

**JUDGES:** [*1] Caulfield

**OPINIONBY:** BARBARA A. CAULFIELD

**OPINION:**

ORDER DISMISSING COMPLAINT

I. INTRODUCTION

Plaintiff Vladimir Zatko, an inmate at Pelican Bay State Prison proceeding pro se, brings this action under Civil Rights Act, 42 U.S.C. § 1983 alleging violations of his civil rights and seeking declaratory relief, injunctive relief and appointment of counsel. Venue is proper in the this district because the defendant resides in San Francisco County and because a substantial part of the events giving rise to the claim occurred in San Francisco County. See 28 U.S.C. § 1391(b).

II. BACKGROUND

Plaintiff filed this action on August 21, 1991, alleging that defendants violated his civil rights by (1) segregating him from the general population and placing him in the Security Housing Unit for political reasons; (2) depriving him of the opportunity to participate in religious services, education, productive work, employment, association, rehabilitation, and family visits; (3) placing him in a small cellhole without windows; (4) denying him unlimited free postage for mail addressed to courts; (5) denying him contact through correspondence with [*2] his family in Czechoslovakia; (6) forcing him to live in the same cell with violent criminals; (7) using a taser to force him to enter a cell; (8) by the above acts, causing him to suffer a multiple fracture in his jaw, an infection, brain damage, a constantly swollen face, pain, facial disfigurement, frequent seizures and loss of teeth; (9) denying him adequate medical treatment; (10) denying him a transfer to another facility for a special diet and treatment appropriate to his condition; and (11) placing him in the infirmary from May 16, 1990 to June 6, 1990, with hands cuffed to a waistchain and with the temperature being constantly below ten degrees celsius.

Plaintiff has been subject to prefiling review in this court since 1973. He is subject to prefiling review in the Eastern District of California as well as other districts in the United States. Plaintiff currently has three separate actions filed before this court. The issues raised in the three actions are the same issues plaintiff raise here.

III. DISCUSSION

A. Pro Se Petitions Must Be Construed Liberally

Plaintiff is a notoriously vexatious litigant. In 1973, the late Chief Judge Carter determined that [*3] Mr. Zatko was abusing the judicial process by filing multiple frivolous petitions. Judge Carter ordered the clerk of the court not to file any petition or complaint submitted by Mr. Zatko until a judge of this district made a preliminary determination that the action is meritorious.

Since 1973, Mr. Zatko has attempted to file numerous actions which have been found to be legally frivolous by judges of the Northern District of California.

However, despite Mr. Zatko's admitted blatant abuse of the judicial process, n1 the court will liberally construe the complaint because he is proceeding without the assistance of counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972).

---

n1 A federal court may take judicial notice of facts in other actions before the court. United States v. Author Services, Inc., 804 F.2d 1520, 1523 (9th Cir. 1986). Therefore, this court takes note that on July 3, 1989, a letter from Mr. Zatko was filed in C 89-2366 SAW, where Mr. Zatko alleged the following: "I have deliberately committed perjury and fraud in the case entitled above. My petition contains only false information. I can never be prosecuted for this crime. . . . " Mr. Zatko goes on to attack the competency of the federal judiciary and to threaten President Bush and others with assassination "in connection with this matter.

---

[*4]

B. Repetitious Claims

The Ninth Circuit has held that a court may dismiss sua sponte claims that have no arguable substance, are redundant, or are wholly fanciful. Hernandez v. Denton, 861 F.2d 1421, 1425-26 (9th Cir. 1988), vacated on other grounds, 110 S.Ct. 37 (1989). All the claims made by Mr. Zatko in his complaint are duplicative of the claims made and disposed of in two previous complaints, C 90-3035 and C 90-3172. The two previous cases were addressed by Chief Judge Henderson in an order dated August 29, 1992. C 90-3035 and C 90-3172 have been re-assigned to this judge's docket. This case is dismissed rather than consolidated because it is an exact duplicate of a memorandum attached to plaintiff's response to a Special Report in C 90-3035.

Mr. Zatko's complaint in this case is a direct duplicate (except for the page numbering) of a Memorandum he filed in C 90-3035. The Memorandum, entitled "Memorandum II," was attached to Mr. Zatko's response to the defendants' Special Report, which was ordered by Judge Henderson. Mr. Zatko asked the court to consider Memorandum II at the time he filed his response [*5] to the Special Report. This court will avoid this unnecessary duplication of efforts by addressing the matters currently before the court and dismissing those matters which are exact duplicates thereof. As such, the present complaint must be dismissed, as it is repetitive of the issues raised in C 90-3035.

C. Request for Appointment of Counsel

Generally, there is no right to counsel in a civil case unless the indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dept. of Social Services, 452 U.S. 18 (1981). However, 28 U.S.C. § 1915(d) empowers the court to appoint counsel in civil actions brought in forma pauperis. Wilborn v. Escalderon, 789 F.2d 1328, 1330-1331 (9th Cir. 1986). Appointment of counsel is discretionary. Id. Request for appointment of counsel here is denied because the issues in this claim are pending in two other claims currently before this court. Therefore, this claim is DISMISSED.

IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint is DISMISSED.

IT IS SO ORDERED.

Dated: November 13, 1992

Barbara A. Caulfield [*6]

United States District Judge