UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIOGEN IDEC INC., BIOGEN IDEC MA, INC. and GENZYME CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,<br><br>Defendant. | CIVIL ACTION No. 04-CV-12009-MLW |

**OPPOSITION OF BIOGEN IDEC INC., BIOGEN IDEC MA, INC. AND GENZYME CORPORATION TO COLUMBIA UNIVERSITY'S MOTION TO DISMISS**

-i-

## TABLE OF CONTENTS

                                              **Page**

INTRODUCTION ............................................................................................................... 1

COLUMBIA HAS NOT SHOWN WHY DISMISSAL IS APPROPRIATE ............................... 3

CONCLUSION ................................................................................................................... 7

# TABLE OF AUTHORITIES

## CASES

*Clarke v. The City of New York*, No. CV-96-5762 (ERK), *98-7297 (ERK)*, 1999 WL. 608857 (E.D.N.Y. July 22, 1999) ...................................................................... 4, 5

*Fawcett v. Ditkowsky, et al.*, No. 92-C-2371, 1992 WL. 186065 (N.D. Ill. July 27, 1992) ............................................................................................................................. 5

*Finch v. Hughes Aircraft Co.*, 926 F.2d 1574 (Fed. Cir. 1991) ............................................ 5

*Friends of the Earth, Inc. v. Crown Central Petroleum Corp.*, 95 F.3d 358 (5th Cir. 1996) ............................................................................................................................. 4

*Jedrowicz v. Giant Foods, Inc., et al.*, No. 99-2219, 2000 WL. 699686 (4th Cir. May 31, 2000) .................................................................................................................. 4

*Kutner Buick, Inc. v. Mobil Oil Corp.*, Civ. Action No. 95-0728, 1995 WL. 316336 ........................................................................................................................ 6

*Oliney v. Gardner*, 771 F.2d 856 (5th Cir. 1985) ................................................................. 5

*In re PRI Automation, Inc. Securities Litigation*, 145 F. Supp. 2d 138 (D. Mass. 2001) ............................................................................................................................. 3

*In re Porter*, 295 B.R. 529 (Bankr. E.D.Pa. 2003) .............................................................. 5

*Structural System, Inc. v. Sulfaro*, 692 F. Supp. 34 (D. Mass. 1998) .................................. 3

*Zatco v. Director, Cal. Department' of Corrections*, No. C 91-2721 BAC, 1992 U.S. Dist. LEXIS 1992 ..................................................................................................... 5

## FEDERAL STATUTES

35 U.S.C. § 285 ..................................................................................................................... 1

## STATE STATUTES

Mass. Gen. Laws ch. 93A .................................................................................................... 2

## OTHER AUTHORITIES

6A Charles Alan Wright et al., Federal Practice and Procedure § 1504 (2d ed. 1990) ............................................................................................................................ 4

Biogen Idec Inc. ("Biogen Idec"), Biogen Idec MA Inc. ("Biogen"), and Genzyme Corporation ("Genzyme") respectfully submit this brief in opposition to Columbia University's Motion to Dismiss.

## INTRODUCTION

On Thursday, September 30, the day before Columbia filed its Motion to Dismiss this action, counsel for Biogen Idec, Biogen, and Genzyme (collectively, "plaintiffs") sought Columbia's assent to a motion to consolidate this new action with the pending action brought against Columbia by Biogen, Genzyme and Abbott Bioresearch Center, Inc. in this Court (Civil Action No. 03-CV-11329-MLW) (the "Biogen action"). Plaintiffs did not file their motion at that time because their counsel was occupied with the ongoing expert depositions that began last week in New York City, continued over the weekend, and are still continuing today. Nonetheless, fully aware of plaintiffs' plan to seek consolidation, Columbia filed its Motion to Dismiss, complaining that the complaint in this action was "duplicative" of the Biogen action and that plaintiffs somehow were required to file a motion to amend the complaint in that action instead.

Columbia overlooks the fact that the new action contains both new claims *and* a new party. It seeks on behalf of that new party, Biogen Idec, a declaratory judgment that Columbia's '275 patent is invalid, that it is unenforceable due to prosecution laches, inequitable conduct, and patent misuse, and that the facts present an exceptional case under 35 U.S.C. § 285. Biogen Idec is the successor to Idec Pharmaceuticals Corporation and is now the parent company of Biogen. It has never entered into any license agreement with Columbia. While Biogen Idec's initial concerns focused on the danger that Columbia would sue its subsidiary Biogen, it became increasingly alarmed that it too would be sued by Columbia. This fear was heightened when Columbia affirmatively refused to include Biogen affiliates in the Covenant Not to Sue that,

according to Columbia, is intended to protect Biogen from risk that it will be sued for infringement of the '275 patent on activities prior to September 1, 2004.

Biogen Idec could not have moved to supplement the complaint in the Biogen action, because it is not a party to the Biogen action. Nor was it required to file a motion seeking permission to join a pending action instead of commencing a new action. Had it chosen to pursue the former rather than the latter, Columbia could have brought a "first-filed" infringement suit against it in another jurisdiction while Biogen Idec awaited action on its motion. Indeed, Biogen Idec was concerned that if it did not promptly file a declaratory action in this Court, Columbia would bring an infringement suit against it in the Northern District of California, Columbia's preferred forum. In light of Columbia's unexplained refusal to include affiliates in the covenant not to sue filed in the Biogen action, and Columbia's recent motion seeking that the Genentech case be remanded to California in furtherance of Columbia's continuing forum-shopping maneuvers in the MDL litigation, these concerns were not at all hypothetical.

The new complaint also alleges several new claims on behalf of Biogen and Genzyme, plaintiffs in the Biogen action, namely, abuse of process, breach of contract and of the implied covenant of good faith and fair dealing, violation of MASS. GEN. LAWS ch. 93A, and unenforceability for patent misuse. These claims arise out of activities by Columbia that post-date the complaint in that action. By filing this new action, plaintiffs did not intend to duplicate pending claims or to keep the new claims out of the Biogen action. As Columbia knew when it filed its motion to dismiss (but neglected to tell the Court), plaintiffs' expressed intent was to ask this Court, in the exercise of sound discretion, to include the new claims in the Biogen action by means of consolidation. Columbia nevertheless refused to await the motion for consolidation and instead filed a premature and unnecessary motion to dismiss this action—without

prejudice—and seeks to force plaintiffs to file yet another motion seeking the exact same procedural relief. Columbia's motion practice can serve no purpose other than to waste the time and resources of both the Court and the litigants.

## COLUMBIA HAS NOT SHOWN WHY DISMISSAL IS APPROPRIATE

Columbia has offered nothing more than irrelevant argument and inapposite case law to support its motion to dismiss plaintiffs' new action. Contrary to Columbia's suggestions, plaintiffs did not file the new action in circumvention of the Federal Rules of Civil Procedure or the Court's comment in the telephonic conference. If Columbia wishes to argue that it would not be efficient and economical to combine plaintiffs' new action with the Biogen action, it may do so. The appropriate forum for such an argument would be in opposition to Biogen's and Genzyme's motion to consolidate, which Columbia knew plaintiffs intended to file before it presented its motion to dismiss.[1] The new claims will only become part of the Biogen action upon motion, at the Court's sound discretion. Columbia's suggestion that plaintiffs have grafted them onto the previously-filed claims without seeking judicial permission is nonsense.

Unlike the cases cited in Columbia's memorandum, the new action is not identical to the action brought by Biogen and Genzyme that is pending in the Biogen action; it contains a new party and new claims. The claims in the new complaint that track those in the existing action pertain to Biogen Idec. The other claims concern events that have occurred since Biogen and Genzyme initiated their first suit, and are thus not duplicative of claims in the existing action. The new action and the Biogen action share common questions of fact and law, however, because like the claims in the Biogen action they implicate the validity and enforceability of the

---

[1] The motion to consolidate was filed yesterday in the Biogen action. A copy is attached hereto for the Court's convenience.

'275 patent. That is exactly why Biogen and Genzyme have moved to consolidate the new action with the pending action, thereby permitting litigation of all the claims in one place and at one time.

The pending motion to consolidate, which is addressed to the Court's sound discretion exactly as would be a motion to amend, is wholly consonant with the Court's statement in the telephonic conference of September 9. The standards for consolidation and supplementation are essentially the same. If two actions involve a common party and common issues of law or fact, and the judge determines that the benefits outweigh the costs, "the motion to consolidate ordinarily will be granted unless the opposing party shows 'demonstrable prejudice.'" *In re PRI Automation, Inc. Securities Litigation*, 145 F. Supp. 2d 138, 140 (D. Mass. 2001). Similarly, "[l]iberality is the rule in permitting supplemental pleadings," *Structural Sys., Inc. v. Sulfaro*, 692 F. Supp. 34, 36 (D. Mass. 1998), and leave to supplement should be "freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the . . . parties." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1504 (2d ed. 1990).

Considerations of efficiency are central to both motions to consolidate and to supplement, but Columbia's request for dismissal of this action without prejudice suggests that Columbia does not share this interest. That is, Columbia would have the Court dismiss this action only to then entertain a motion brought under Rule 15 in the Biogen action. Plaintiffs' motion to consolidate has made determination of these issues ripe, and there is no reason to further delay the Court's decision. Columbia's suggestion yesterday that because its motion to dismiss this action was not "fully briefed" (no longer true), the Court should enter a stay of the summary

judgment schedule further reveals Columbia's interest in stalling the progress of the Biogen action, rather than efficiently addressing the new claims.

Columbia's argument that the new action is procedurally impermissible is unavailing. The Fourth Circuit addressed a similar situation in *Jedrowicz v. Giant Foods, Inc., et al.*, No. 99-2219, 2000 WL 699686 (4th Cir. May 31, 2000). There, the plaintiff had filed suit alleging employment discrimination in 1996, and in 1998 filed a second suit alleging retaliation based on her 1996 action. 2000 WL 699686, at * 1. The district court allowed the defendants' motion to dismiss part of the second action as duplicative of the first complaint, but the Fourth Circuit reversed. The court explained that because "the 1996 action was not supplemented pursuant to Rule 15(d) with any of the events occurring after the 1996 action was filed and contained in the 1998 action," *id.*, the second suit was procedurally proper.

Instead of addressing the issue at hand -- a second action that involves a new party and new claims -- Columbia cites irrelevant cases where courts dismissed second-filed actions that were identical to actions that were pending. *See Friends of the Earth, Inc. v. Crown Central Petroleum Corp.*, 95 F.3d 358, 362 (5th Cir. 1996) (upholding the dismissal of a second complaint that was "duplicative" of the first); *Finch v. Hughes Aircraft Co.,* 926 F.2d 1574, 1577 (Fed. Cir. 1991) (upholding dismissal of a complaint asserting claims that were "identical" to those in a cross-claim); *Oliney v. Gardner,* 771 F.2d 856, 859 (5th Cir. 1985) (upholding the dismissal of a "duplicative" complaint that "assert[ed] the same allegations against the same three defendants").

In view of Columbia's knowledge that plaintiffs intended to seek consolidation of the new action with the Biogen action, Columbia's reliance on cases in which plaintiffs filed second actions in order to perpetuate duplicative litigation, or because already-filed motions to amend

looked unpromising, is particularly inapt. *See, e.g., Fawcett v. Ditkowsky, et al.,* No. 92-C-2371, 1992 WL 186065 (N.D. Ill. July 27, 1992) (dismissing a complaint that was filed in another session after the plaintiffs dropped a motion to amend a complaint pending in the first session when defendants objected, where the second complaint would require the new session to "reinvent the wheel by conducting full-blown proceedings that would largely duplicate the proceedings" already pending); *In re Porter,* 295 B.R. 529, 544 (Bankr. E.D.Pa. 2003) (dismissing claims that concerned the same transaction, included the same cause of action, and sought similar relief as the claims raised in prior pending litigation, noting that the plaintiff had filed and withdrawn a motion to amend her pending claims); *see also Clarke v. The City of New York,* No. CV-96-5762 (ERK), CV-98-7297 (ERK), 1999 WL 608857 (E.D.N.Y. July 22, 1999) (noting in dicta that a second complaint against a new defendant but arising out of the same events would be subject to dismissal where it attempted to circumvent judicial permission). Other cases Columbia attempts to garrison are similarly irrelevant. *See, e.g., Zatco v. Director, Cal. Dept' of Corrections,* No. C 91-2721 BAC, 1992 U.S. Dist. LEXIS 1992, at *4 (dismissing a complaint "duplicative of the claims made and disposed of in two previous complaints," finding dismissal rather than consolidation appropriate where the new complaint was "an exact duplicate of a memorandum attached to plaintiff's response to a Special Report" in a previous case); *Kutner Buick, Inc. v. Mobil Oil Corp.*, Civ. Action No. 95-0728, 1995 WL 316336, at *3 (finding, without explanation, that it would be unfair to allow a party to consolidate a new complaint with a pending action where the new complaint failed to comply with a statutory notice provision).

     Finally, contrary to Columbia's unsupported assertion, plaintiffs have no obligation under the Federal Rules of Civil Procedure, whether in a motion to consolidate or in a motion to

amend, to "establish" that their new claims "would not be futile." Columbia Mem. at 1. Plaintiffs believe them to be meritorious and wholly justified in light of Columbia's illegal attempts to enforce the '275 patent. If Columbia disagrees, the Federal Rules provide means by which Columbia can challenge plaintiffs' claims on the merits. Columbia's misguided procedural motion, however, is not addressed to the merits.

## CONCLUSION

Columbia's motion to dismiss this action without prejudice is both untimely and wasteful. It should be denied.

Dated:  October 5, 2004                                Respectfully submitted,


/s/ Donald R. Ware
Donald R. Ware (BBO # 516260)
Claire Laporte (BBO # 554979)
Sarah Cooleybeck (BBO # 631161)
Carla Miriam Levy (BBO # 654212)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Telephone:  (617) 832-1000
Facsimile:  (617) 832-7000
Attorneys for BIOGEN IDEC INC., BIOGEN IDEC MA, INC. and GENZYME CORPORATION