# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIOGEN, INC., GENZYME CORPORATION, and ABBOTT BIORESEARCH CENTER, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,<br><br>Defendant. | CIVIL ACTION No. 03-CV-11329-MLW |

**MEMORANDUM IN SUPPORT OF MOTION OF BIOGEN IDEC MA INC. AND GENZYME CORPORATION FOR CONSOLIDATION OF NEW RELATED CASE**

Biogen Idec MA Inc. ("Biogen") and Genzyme Corporation ("Genzyme") hereby move to consolidate with this action a newly filed, related case designated as Civil Action No. 04-CV-12009-MLW. Abbott Bioresearch Center, Inc., assents to this motion.

On September 17, 2004, Biogen Idec, Inc. ("Biogen Idec", the successor to Idec Pharmaceuticals Corporation and now the parent company of Biogen), together with Biogen and Genzyme, filed a complaint against The Trustees of Columbia University in the City of New York ("Columbia") (attached hereto as Exhibit A). The new case was filed as a related case to each of the actions already transferred to this Court by the Judicial Panel on Multidistrict Litigation ("MDL Panel") and was accordingly assigned to this Court. Consolidation is appropriate because it will further the efficient resolution of both the existing litigation (the "Biogen action") and the new action without delaying the case or otherwise causing any prejudice to Columbia.

## SUMMARY OF THE NEW COMPLAINT

The new complaint names the same defendant as the Biogen action – Columbia University. It seeks on behalf of a new party, Biogen Idec, a declaratory judgment that Columbia's '275 patent is invalid, that it is unenforceable due to prosecution laches, inequitable conduct, and patent misuse, and that the facts present an exceptional case under 35 U.S.C. § 285. Biogen Idec is the parent company of Biogen Idec MA Inc. ("Biogen," formerly Biogen, Inc.), one of the plaintiffs in the Biogen action. While Biogen Idec's initial concerns focused on the danger that Columbia would sue its subsidiary, Biogen, the new plaintiff Biogen Idec has become increasingly alarmed that it too will be sued by Columbia. This fear was heightened when Columbia affirmatively refused to include Biogen affiliates in the Covenant Not to Sue that, according to Columbia, is intended to protect the subsidiary from risk that it will be sued for infringement of the '275 patent on activities prior to September 1, 2004.

The new complaint also alleges several new claims on behalf of the existing plaintiffs, Biogen and Genzyme, namely, abuse of process, breach of contract and of the implied covenant of good faith and fair dealing, violation of MASS. GEN. LAWS ch. 93A, and unenforceability for patent misuse. Each of these counts arises out of Columbia's actions in connection with its '275 patent and/or the litigation over that patent.

The new complaint seeks damages and declaratory relief to redress Columbia's illegitimate and costly attempts to enforce an invalid and unenforceable patent and to abuse court process in furtherance of its unlawful patent licensing strategy.

## ARGUMENT

I.    THE NEW ACTION SHOULD BE CONSOLIDATED WITH THE EXISTING BIOGEN ACTION

Rule 42 of the Federal Rules of Civil Procedure allows a court to consolidate actions pending before the court that involve a common question of law or fact. FED. R. CIV. P. 42(a). Pursuant to Local Rule 40.1(J), the motion for consolidation "shall be made in the case first filed in this court."

If the two actions involve a common party and common issues of law or fact, and the judge determines that the benefits of consolidation outweigh the costs, "the motion to consolidate ordinarily will be granted unless the opposing party shows 'demonstrable prejudice.'" *In re PRI Automation, Inc. Securities Litigation*, 145 F. Supp.2d 138, 140 (D. Mass. 2001); *see also Storlazzi v. Bakey*, 894 F. Supp. 494, 500 (D. Mass. 1995) (consolidating three actions that "rest[] on related violations of 42 U.S.C. § 1983 against the same or related actors"), *aff'd* No. 95-1595, 1995 WL 623676, *1 (1st Cir. Oct. 24, 1995).

A.  <u>Commonality</u>

The new complaint and the Biogen action both arise out of Columbia's attempts to enforce the '275 patent against leading biotechnology companies. As stated, the defendant is identical. Moreover, Biogen Idec's claims for a declaratory judgment of invalidity and unenforceability mirror those already pending in the Biogen action, with the exception of the new claim for unenforceability due to patent misuse. The factual allegations in the new complaint are virtually identical, the only material difference being that the allegations in the new complaint continue chronologically, past the date of the complaint in the Biogen action and up to the date of filing of the new action. Commonality thus exists between Biogen Idec's claims and the Biogen action.

In addition to the new party, the new complaint also asserts new claims on behalf of Biogen and Genzyme, which are already parties to the Biogen action. These new claims for abuse of process, breach of contract and the implied covenant of good faith and fair dealing,

- 3 -

violation of MASS. GEN. LAWS ch. 93A, and a declaration of unenforceability for patent misuse, are closely related to the existing claims in the Biogen action. Indeed, these claims are based in part on Columbia's conduct in the course of defending against the MDL actions. As discussed in the new action, when several licensees of Columbia's cotransformation patents sought recourse to the courts to challenge the validity and enforceability of the '275 patent, Columbia vexatiously manipulated the court system, breached its license agreements, and engaged in unfair and deceptive business practices, for the purpose of delaying judicial scrutiny of its new patent and imposing substantial burdens and costs on any licensees that challenged its patent.[1]

B. Benefits of Consolidation

In light of this commonality, there are many benefits to considering the claims pleaded in the new action together with the Biogen action. Consolidation will allow the Court to consider and adjudicate Biogen Idec's claims together with the virtually identical claims asserted by its subsidiary. *See Paxonet Communications, Inc. v. Transwitch Corp.*, 303 F. Supp.2d 1027, 1029 (N.D. Cal. 2003) (consolidating Paxonet's suit seeking declaratory judgment of non-infringement and invalidity of three patents with suit by Paxonet and Raza Microelectronics, Inc. seeking declaratory judgment of non-infringement and invalidity of the same three patents and alleging infringement of a patent owned by Paxonet and Raza); *Faigenbaum Machinery, Inc. v. Scott & Williams, Inc.*, 344 F. Supp. 1267, 1270 (S.D.N.Y. 1972) (denying motion to sever

---

[1] For example, Columbia sought to punish the challenging licensees by terminating their licenses, ostensibly for failure to pay royalties due on the '275 patent. Columbia also sought to use the '275 patent, and to exploit the cost and uncertainty of litigation, by extracting settlements from various of its licensees. When plaintiffs moved to enjoin termination of their licenses, Columbia filed numerous papers opposing the motion and persuaded the Court to deny the motion, all at great cost to the plaintiffs. Less than three weeks after the Court denied their motion, Columbia reversed itself and asserted that the notices of termination were "ineffective." Columbia also filed a limited "covenant not to sue" certain parties on the '275 patent, while expressly excluding later developed products, as yet another tactic to escape or postpone judicial scrutiny of the patent. In the meantime, Columbia continued to prosecute another pending patent application in the same patent family and also filed a broadening reissue application, containing claims directed at its licensees' current commercial products.

previously consolidated suits seeking declaratory judgment of non-infringement and invalidity of the same patent because the issues in the cases were the same).

Efficiency is also promoted by the consolidation with the Biogen action of the new claims alleging abuse of process, breach of contract and the implied covenant of good faith and fair dealing, and violation of MASS. GEN. LAWS ch. 93A. These claims, like the claims in the Biogen action, center on Columbia's attempts to assert the '275 patent, including its behavior during the litigation of the Biogen action. Given the factual overlap between the new claims and those currently pending, their adjudication in separate proceedings would be a significant waste of time and resources.

Columbia has argued that the new action is an attempt to "evade the requirements of Fed. R. Civ. P. 15(d)." (Consolidated Reply in Support of Emergency Motion to Dismiss at 21.) Nothing could be further from the truth. Biogen Idec could not have joined in a motion to supplement in the Biogen action because it is not a party. While Biogen and Genzyme could have moved to supplement under Rule 15(d) as a means to assert their new claims,[2] they were equally free under the Federal Rules of Civil Procedure to join in Biogen Idec's complaint, assert their new claims there, and then moved to consolidate the two actions under Rule 42, the course

---

[2] Although there is no requirement to assert new claims in a supplemental pleading rather than a new complaint, the new claims of Biogen and Genzyme plainly meet the standards of Rule 15(d) for supplemental pleadings and would authorize the Court to grant leave to supplement. Courts should grant leave to supplement a complaint "upon reasonable notice and upon such terms as are just." FED. R. CIV. P. 15(d). While leave to supplement is discretionary, it should be "freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the ... parties." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1504 (2d ed. 1990). "Liberality is the rule in permitting supplemental pleadings." *Structural Sys., Inc. v. Sulfaro*, 692 F. Supp. 34, 36 (D. Mass. 1988). The purpose of Rule 15(d) is "to promote as complete an adjudication of the dispute between the parties as possible." *La Salvia v. United Dairymen of Arizona*, 804 F.2d 1113, 1119 (9th Cir. 1987). These goals can equally be met here by granting consolidation of the two actions.

they chose to follow. Procedurally, the outcome they seek is the same either way: the litigation of all their claims in one place.[3]

C. <u>Lack of prejudice or delay</u>

Columbia will not suffer any prejudice as a result of consolidation. The parties in the Biogen action are now exclusively focused on double-patenting issues. The double-patenting claim alleged on behalf of Biogen Idec mirrors the double-patenting claim asserted by Biogen and Genzyme. Consolidating the new action with the Biogen action will not cause delay, as it will not affect the operative schedule for deciding the issue of invalidity based on obviousness-type double patenting. Nor will consolidation of these claims require Columbia to undertake any additional discovery or analysis of double patenting. The double patenting defense does not rely upon any potentially infringing conduct by a particular plaintiff, but rather on the claims of the four Axel patents. It is logical and efficient – and wholly consistent with Federal Rules – to consolidate the new action with the Biogen action.

D. <u>The MDL proceeding</u>

Consolidation of the new complaint with the Biogen action would also further the efficiency interests that underlie the MDL Panel's decision to transfer the consolidated cases to this Court. The Rules of Procedure of the Judicial Panel on Multidistrict Litigation contemplate the filing of "tag-along actions," defined as "a civil action pending in a district court and involving common questions of fact with actions previously transferred under Section 1407." These Rules provide that when, as here, a potential "tag-along action" is filed in the transferee

---

[3] This motion to consolidate is not filed in response to Columbia's recent motion to dismiss the new action, filed on Friday, October 1, 2004. In its motion, Columbia fails to disclose that one day earlier, on Thursday, September 30, counsel for Biogen and Genzyme conferred with Columbia counsel pursuant to Local Rule 7.1(A)(2) specifically to seek Columbia's assent to their planned motion to consolidate the two actions. Only after Columbia learned of their intent to seek consolidation did it file its motion to dismiss, asserting that Biogen and Genzyme were somehow required to add their new claims to this action by means of a motion to supplement.

district, no action on the part of the Panel is required "and requests of assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions." Having filed the new action as a related case, Biogen and Genzyme now seek to consolidate it with the existing Biogen action, and therefore to have it included in the MDL proceedings of which the Biogen action is a part.

## CONCLUSION

For the foregoing reasons, Biogen and Genzyme respectfully request that this Court grant their motion to consolidate Civil Action No. 04-CV-12009 with Civil Action No. 03-11329-MLW.

Dated: October 4, 2004

Respectfully submitted,

/s/ Donald R. Ware
Donald R. Ware  BBO # 516260
Claire Laporte  BBO # 554979
Carla Miriam Levy  BBO # 654212
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000
Attorneys for plaintiffs BIOGEN IDEC MA
  INC. and GENZYME CORPORATION