IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7106
FACSIMILE (310) 556-5206
dgindler@irell.com

October 13, 2004

The Honorable Mark L. Wolf
United States District Judge
United States District Court
 for the District of Massachusetts
John Joseph Moakley Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

Re: *Biogen, Inc., Genzyme Corportion, and Abbott Bioresearch Center, Inc. v. The Trustees of Columbia University in the City of New York*, Case No. 03-CV-11329 MLW

*Biogen Idec Inc., Biogen Idec MA, Inc., and Genzyme Corporation v. The Trustees of Columbia University in the City of New York*, Case No. 04-CV-12009 MLW

Dear Judge Wolf:

    This law firm represents The Trustees of Columbia University in the City of New York ("Columbia University") in connection with the above-referenced actions. We are writing to follow up on two related motions that were not directly addressed at the hearing conducted on October 6, 2004: (1) Columbia University's motion to dismiss the complaint in the recently filed action, *Biogen Idec Inc., Biogen Idec MA, Inc., and Genzyme Corporation v. The Trustees of Columbia University in the City of New York*, Case No. 04-CV-12009 MLW, filed September 17, 2004 (the "Second Biogen Action"); and (2) Biogen and Genzyme's motion to consolidate the Second Biogen Action with their initial action, *Biogen, Inc., Genzyme Corporation, and Abbott Bioresearch Center, Inc. v. The Trustees of Columbia University in the City of New York*, Case No. 03-CV-11329 MLW, filed July 15, 2003 (the "First Biogen Action").

    As we have previously explained to Your Honor, Columbia University believes that the Second Biogen Action was an improper attempt by Biogen and Genzyme to circumvent the requirements of Rule 15 of the Federal Rules of Civil Procedure; that the Second Biogen Action therefore should be dismissed; and that the motion to consolidate the First Biogen Action and the Second Biogen Action should be denied. Nevertheless, Columbia University

1197048

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

The Honorable Mark L. Wolf
October 13, 2004
Page 2

believes that, in the interests of judicial economy, the Court should resolve the jurisdictional issues raised by Columbia's covenant not to sue before addressing these two pending motions. If the Court dismisses plaintiffs' declaratory relief claims in the First Biogen Action for lack of subject matter jurisdiction, that ruling will have preclusive effect on the duplicative claims filed in the Second Biogen Action, at least as to Biogen (now named Biogen Idec MA, Inc.) and Genzyme (as the Court itself observed at the October 6 hearing). Such a ruling would obviously influence the substance of Columbia's opposition to the motion to consolidate. Columbia believes that it would make sense for the Court to decide the impact of Columbia's covenant not to sue on subject matter jurisdiction before taking up any issues concerning the additional claims that Biogen or Genzyme desire to assert. Accordingly, Columbia respectfully requests that the Court issue an order staying any further briefing on the motion to dismiss the Second Biogen Action and the motion to consolidate the two actions until it rules on the jurisdictional issues raised by Columbia's covenant not to sue.

   I spoke on the telephone with Claire Laporte, counsel for Biogen and Genzyme, on both October 12 and 13. During our conversations, I suggested that the parties jointly approach the Court with the proposal contained in this letter. Ms. Laporte rejected this suggestion, although she did offer Columbia a one-week extension to file its opposition to the motion to consolidate (which is currently due on Monday, October 18).

                  Very truly yours,

                   David I. Gindler

1197048