UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

BIOGEN IDEC INC., BIOGEN IDEC MA,
INC. and GENZYME CORPORATION

                Plaintiffs,

     v.

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW
YORK,

                Defendant.

Civil Action No. 04-CV-12009 MLW

---

**COLUMBIA UNIVERSITY'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS**

Dated: October 19, 2004

Thomas F. Maffei (BBO # 313220)
Scott McConchie (BBO # 634127)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA 02210-2600
(617) 542-9900
(617) 542-0900 (fax)

Morgan Chu
David I. Gindler
Jason G. Sheasby
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

ATTORNEYS FOR THE TRUSTEES
OF COLUMBIA UNIVERSITY IN
THE CITY OF NEW YORK

## TABLE OF CONTENTS

Page

I.    PRELIMINARY STATEMENT ...............................................................................1

II.   ARGUMENT........................................................................................................2

    A.    The New Complaint Contains Claims That Are Duplicative of the
Previous Action ............................................................................................2

    B.    Plaintiffs' Second-Filed Action Is A Transparent Effort To Assert
New Claims Without Meeting The Requirements of Rule 15......................3

III.  CONCLUSION.....................................................................................................8

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barapind v. Reno,*
    72 F. Supp. 2d 1132 (E.D. Cal. 1999) ........................................................ 4

*Fawcett v. Ditkowsky,*
    1992 WL 186065 (N.D. Ill. July 27, 1992) ............................................ 3, 4

*Frank v. U.S. West, Inc.,*
    3 F.3d 1357 (10th Cir. 1993) ...................................................................... 7

*Friends of the Earth, Inc. v. Crown Central Petroleum Corp.,*
    95 F.3d 358 (5th Cir. 1996) ..................................................................... 3, 5

*Glatt v. Chicago Park District,*
    87 F.3d 190 (7th Cir. 1996) ........................................................................ 6

*In re Porter,*
    295 B.R. 529 (Bankr. E.D. Pa. 2003) ........................................................ 4

*In re PRI Automation, Inc. Securities Litigation,*
    145 F. Supp. 2d 138 (D. Mass. 2001) ........................................................ 6

*In re Stone & Webster, Inc., Securities Litigation,*
    217 F.R.D. 96 (D. Mass. 2003) ................................................................. 6

*Jedrowicz v. Giant Foods, Inc.,*
    2000 WL 699686 (4th Cir. May 31, 2000) ............................................. 5, 6

*Oliney v. Gardner,*
    771 F.2d 856 (5th Cir. 1985) ...................................................................... 5

**Rules**

1st Cir. R. 32.3 ....................................................................................................... 5

4th Cir. R. 36 ......................................................................................................... 5

Fed. R. Civ. P. 15............................................................................................. passim

Fed. R. Civ. P. 24 ................................................................................................... 7

Fed. R. Civ. P. 42 ................................................................................................... 6

I.    <u>PRELIMINARY STATEMENT</u>

The thrust of plaintiffs' opposition is that because their second-filed action contains new claims and new facts pertaining to the same core issues that are the subject of their first-filed action, Federal Rule of Civil Procedure 15 does not apply.  This is nonsense.  Rules 15(a) and 15(d) make clear that when a party wishes to assert new claims that pertain to the issues at stake in a pending action, leave of the court is required after the pleadings are closed.  Instead of following the procedure mandated by these rules, as well as the Court's express instructions at the September 9 telephonic hearing, Biogen and Genzyme filed an entirely new action in which they assert four claims that duplicate almost precisely the claims that they asserted in their previous action and four new claims that they admit "share common questions of fact and law" with their previous action.  Opp. at 3.

There is no mystery as to why plaintiffs have opted to violate Rule 15—as well as this Court's very clear directions.  Given the impending dismissal of their declaratory relief claims for lack of subject matter jurisdiction, Biogen and Genzyme desperately want to manufacture some kind of claim (irrespective of its merit) upon which they can rely in an effort to persuade the Court to continue with the double-patenting phase of the case.  Because all of these proposed claims are meritless, and would be revealed as such if plaintiffs were to comply with Rule 15, Biogen and Genzyme elected to file a duplicative action containing their sham claims for the sole purpose of evading the requirements of Rule 15.

This ploy is entirely improper—and plaintiffs know it.  Indeed, if the Court were to permit this kind of procedural gamesmanship, Rule 15 would become a dead letter.  The Court should grant Columbia's motion to dismiss the second-filed action.

II.    **ARGUMENT**

    A.    **The New Complaint Contains Claims That Are Duplicative of the Previous Action**

    The second-filed complaint ("Second Compl.") contains four claims whose language and allegations are virtually identical to the claims asserted by Biogen and Genzyme in their first-filed complaint ("First Compl.").  These are plaintiffs' claims for a declaratory judgment that the '275 patent is invalid or unenforceable on account of double patenting, prosecution laches, and inequitable conduct, as well as plaintiffs' claim for attorneys' fees. *Compare* Second Compl. ¶¶ 86-88 with First Compl. ¶¶ 41-43 (double patenting); Second Compl. ¶¶ 90-91 with First Compl. ¶¶ 45-46 (prosecution laches); Second Compl. ¶¶ 93-119 with First Compl. ¶¶ 48-74 (inequitable conduct); Second Compl. ¶ 125 with First Compl. ¶ 76 (attorneys' fees).[1]

    In their letter to the Court of October 13, 2004, and their opposition to Columbia's motion to dismiss, plaintiffs nevertheless make the peculiar assertion that their new action does not contain duplicative claims asserted on behalf of Biogen and Genzyme.  They contend that the four duplicative claims are not brought by Biogen and Genzyme, but "on behalf of a new party [Biogen Idec] not before the Court in the Original Action."  Ex. B. *See also* Opp. at 3 ("The claims in the new complaint that track those in the existing action pertain to Biogen Idec.").

    This is not what the second-filed complaint says.  All four duplicative claims— declaratory relief that the '275 patent is invalid or unenforceable for double patenting,

---

[1] For the convenience of the Court, Columbia has created a black-lined version of the complaint in the second-filed action, which shows the amendments that Biogen and Genzyme have unilaterally made without leave of Court to the operative pleading in the first-filed action.  It is attached hereto as Exhibit A.

- 2 -

prosecution laches and inequitable conduct, and the claim for attorneys' fees—are brought on behalf of all three "plaintiffs." *See* Second Compl. ¶¶ 86-88, 90-91, 93-94, 125. And the second-filed complaint requests "[j]udgment for *plaintiffs* against Columbia *on all counts of this complaint*." Second Compl. Request for Relief ¶ A (emphasis added). Thus, the second-filed complaint duplicates all of the claims from the first-filed complaint, in addition to including the new purported claims properly subject to the requirements of Rule 15.

      **B.**      **Plaintiffs' Second-Filed Action Is A Transparent Effort To Assert New Claims Without Meeting The Requirements of Rule 15**

Plaintiffs assert that their second-filed action is not an impermissible end-run around Rule 15 and this Court's instructions because they have moved to consolidate it with their first-filed action. Opp. at 3-4. This argument is based on a false premise: that it is permissible for plaintiffs to circumvent Rule 15 by filing a duplicative action that contains their desired amendments, so long as they move to consolidate the second-filed action with the first-filed action. With the exception of an inapposite (and unpublished) Fourth Circuit case, plaintiffs cite no authority in support of their position.

When parties have sought to consolidate duplicative actions rather than comply with the procedures of Rule 15, courts have been quick to deny such consolidation. *See, e.g., Fawcett v. Ditkowsky*, No. 92 C 2371, 1992 WL 186065, at *4 (N.D. Ill. July 27, 1992) ("Of course, we could avoid this duplication by doing as the Plaintiffs ask and consolidating the cases. We decline this invitation, for to accept it would be for all practical purposes to announce to Judge Rovner that she is incapable of ruling on a Motion [to Amend] brought before her Court."). Moreover, as discussed in Columbia's moving papers, the appropriate remedy for filing duplicative actions in contravention of Rule 15 is dismissal of the second-filed action. *See, e.g., Friends of the Earth, Inc. v. Crown Central Petroleum Corp.*, 95 F.3d

358, 362 (5th Cir. 1996) ("When a plaintiff files a second complaint alleging the same cause

of action as a prior, pending related action, the second complaint may be dismissed. . . . This

rule finds particular application where, as here, the plaintiff files the second complaint to

achieve procedural advantage by circumventing the rules pertaining to the amendment of

complaints.") (quotations omitted).

        Moreover, while Biogen and Genzyme suggest otherwise, courts routinely dismiss

new complaints filed by plaintiffs seeking to evade the requirements of Rule 15, even if

those new complaints contain claims that are not identical to a previous complaint.  For

example, like the second-filed complaint in this case, the complaint in *Fawcett* "track[ed]

the earlier complaint word-for-word to a great extent," but alleged additional claims.

*Fawcett*, 1992 WL 186065, at *1.  Characterizing the new complaint as "essentially

duplicative" of the previous one, the court dismissed it and stated that "Plaintiffs in effect

propose an end-run around Federal Rule of Civil Procedure 15 . . .  Even though the two

cases are strictly speaking not identical, they embody different theories to achieve the same

end."  *Id.* at *3.  *See also In re Porter*, 295 B.R. 529, 544 (Bankr. E.D. Pa. 2003) (after

plaintiff withdrew motion to amend and filed duplicative action that included the new claims

asserted on her motion to amend, the court determined that dismissal was appropriate

because plaintiff "cannot use duplicative litigation to circumvent constraints upon amending

litigation"); *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (dismissing

second complaint containing additional related claims, stating that "[t]he district court must

ensure that the plaintiff does not use the incorrect procedure of filing duplicative complaints

to expand procedural rights he would not otherwise enjoy—particularly for the purpose of circumventing the rules pertaining to the amendment of complaints.") (quotations omitted).[2]

Plaintiffs cite one unpublished Fourth Circuit case, *Jedrowicz v. Giant Foods, Inc.*, No. 99-2219, 2000 WL 699686 (4th Cir. May 31, 2000), to support the assertion that their procedural maneuvers are proper.[3]  That case is inapposite.  In *Jedrowicz*, the plaintiff filed an employment discrimination suit against Giant in 1996.  *Id.* at **1.  Two years later, the plaintiff filed a new discrimination suit against Giant alleging that Giant had retaliated against her for bringing her 1996 action.  *Id.*  Giant argued that the new suit was duplicative, because the plaintiff's responses to interrogatories in the 1996 action contained facts relating to the 1998 allegations.  The Fourth Circuit disagreed, noting that assertions in response to interrogatories do not amend or supplement a complaint.  *Id.*  Thus, the new complaint was not duplicative, because it pertained to a separate incident not arising from the same core facts that led to the 1996 discrimination claims.  In contrast, Biogen and Genzyme have not only asserted new claims which they admit "share common questions of fact and law" with their previously asserted claims, Opp. at 3, but they have also brought four claims that are

---

[2] Plaintiffs argue that the cases Columbia cited in which courts have dismissed improper attempts to circumvent Rule 15 are inapposite, because some of those cases involved nearly identical complaints.  Plaintiffs ignore that even in those cases in which the claims in the second action were nearly identical to the first, the courts emphasized that a plaintiff may not "file[ a] second complaint to achieve procedural advantage by circumventing the rules pertaining to the amendment of complaints."  *Friends of the Earth*, 95 F.3d at 362 (quotations omitted); *see also Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985) (second action was a "deliberate[] attempt[] to circumvent . . . Fed. R. Civ. P. 15.").  This is precisely what plaintiffs have attempted to do here by asserting new claims that should have been addressed in a motion to amend.

[3] Barring unusual circumstances, the Fourth Circuit does not cite to its unpublished dispositions and citation of such opinions before courts in the Fourth Circuit is "disfavored."  4th Cir. R. 36(c).  In the First Circuit, citation of an unpublished opinion from another circuit is similarly "disfavored."  1st Cir. R. 32.3(a)(2), (b).

*precisely the same* as the ones they asserted in their prior action.  Moreover, all of the new claims in the second-filed action purport to seek the same relief as the claims asserted in the first-filed action:  a finding that the '275 patent is invalid or unenforceable.  This backdoor attempt to amend plaintiffs' original complaint is not supported in *Jedrowicz* and should not be allowed to proceed.

Plaintiffs argue that their motion to consolidate is sufficient to comply with the Court's instructions at the September 9 telephonic hearing because the standards for consolidation under Rule 42 and supplementation under Rule 15 "are essentially the same." Opp. at 4.  This is simply untrue.  The relevant standard for consolidation involves considerations of commonality, benefits of consolidation, and prejudice.  *See In re PRI Automation, Inc. Securities Litigation*, 145 F. Supp. 2d 138, 140 (D. Mass. 2001).  The standard for amendment and supplementation, on the other hand, involves considerations of undue delay, bad faith, dilatory motive, futility, and prejudice.  *See In re Stone & Webster, Inc., Securities Litigation*, 217 F.R.D. 96, 98 (D. Mass. 2003) ("A district court's decision to deny leave to amend, pursuant to rule 15(a), will not be found to be an abuse of its discretion where there appears to be an adequate reason for the denial of leave to amend (e.g., undue delay, bad faith, dilatory motive, futility of amendment, prejudice[.])").[4]

Moreover, this argument simply misses the mark:  It assumes that plaintiffs are entitled to assert claims in a second-filed action that share common issues of fact and law—

---

[4] The same standard applies to a motion to supplement under Rule 15(d).  *See Glatt v. Chicago Park District*, 87 F.3d 190, 194 (7th Cir. 1996) (affirming denial of proposed new claim, court cited cases in which amendment was denied and noted that "[a]lthough these are cases under Fed. R. Civ. P. 15(a), not Rule 15(d), which governs the supplementation of a pleading as a result of events subsequent to the filing of the original pleading and is therefore the rule applicable to [plaintiff] Glatt's motion, the standard is the same").

1197753.1

and that seek the same relief—as the claims asserted in a first-filed action. They are not. Rather, as discussed above, if a plaintiff desires to assert any such new claims in an existing action, the plaintiff must seek leave to amend the complaint in that action. It is not proper to circumvent Rule 15 by filing the desired claims in a separate action.

Finally, it makes no difference that plaintiffs' new claims "concern events that have occurred since Biogen and Genzyme initiated their first suit" and that those claims "share common questions of fact and law" with their previously asserted claims. Opp. at 3. At most, this means that plaintiffs should have complied with Rule 15(d), which provides: "Upon motion of a party the court *may*, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added). Plaintiffs have made no effort to comply with this rule.[5]

---

[5] Plaintiffs also argue that Biogen Idec needed to file its own action because it could not join the action filed by Biogen and Genzyme. This is untrue. Biogen Idec could have directed its subsidiary to file a motion under Rule 15(a) to add Biogen Idec as a party. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1361, 1365 (10th Cir. 1993) (motion to add party's subsidiary is a motion to amend governed by Rule 15(a)). Biogen Idec also could have filed a motion under Rule 24(b) to intervene in this action. *See* Fed. R. Civ. P. 24(b) ("Upon timely application, anyone may be permitted to intervene in an action . . . when an applicant's claim . . . and the main action have a question of law or fact in common."). In any event, even if it were proper for Biogen Idec to file a separate action instead of seeking leave to join Biogen's previously filed action, there is no legitimate basis for Biogen and Genzyme to assert new claims in a second-filed action for the obvious and improper purpose of circumventing the requirements of Rule 15. Accordingly, at the very least, the Court should grant this motion to dismiss as to the claims asserted by Biogen and Genzyme.

**III.    <u>CONCLUSION</u>**

For the foregoing reasons, Columbia respectfully requests that the Court grant its

motion to dismiss.

October 19, 2004                                    Respectfully submitted,

                                                    THE TRUSTEES OF COLUMBIA
                                                    UNIVERSITY IN THE CITY OF NEW YORK


                                                    By its attorneys,

                                                    _/s/ David I. Gindler_____
                                                    David I. Gindler
                                                    Irell & Manella LLP