# EXHIBIT B

RECEIVED
CLERK'S OFFICE

2003 NOV 26  A 11: 05

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

**BEFORE THE**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE COLUMBIA UNIVERSITY           )      MDL Docket No. _____
PATENT LITIGATION                          )

**COLUMBIA UNIVERSITY'S MOTION TO TRANSFER**

**PURSUANT TO 28 U.S.C. § 1407**

The Trustees of Columbia University in the City of New York ("Columbia") is a party in seven substantially similar cases relating to the validity and enforceability of the same patent assigned to Columbia. Columbia hereby moves under 28 U.S.C. § 1407 and Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation to transfer these cases to the United States District Court for the Northern District of California for consolidation of all pretrial activities before The Honorable Vaughn R. Walker. A supporting brief accompanies this motion, which is based on the following averments:

1.     On September 24, 2002, United States Patent No. 6,455,275 (the "'275 Patent") issued to Columbia. Between April 15, 2003, and November 12, 2003, ten pharmaceutical companies to whom Columbia had licensed the '275 Patent (among other patent rights) brought a total of six different lawsuits seeking a declaration that the '275 Patent is invalid and unenforceable and that they owe no royalties to Columbia based on this patent.

2.     On October 31, 2003, Columbia brought a single action against licensees Johnson & Johnson and Ares Trading S.A., seeking a declaration that the '275 Patent is valid and enforceable and that these licensees owe royalties to Columbia based on this patent. This action is essentially a mirror image of the allegations brought in the other six lawsuits.

3.     These seven actions are pending in four judicial districts spanning three states: Two cases are pending in the Northern District of California, one case is pending in the Central District of California, three cases are pending in the District of Massachusetts, and one case is pending in the Southern District of the New York.

4.     The first-filed action, *Genentech, Inc. v. Columbia University*, Case No. C 03-1603-VRW, pending in the Northern District of California before The Honorable Vaughn R. Walker, has progressed further than any other case. In that action, the parties have conducted their Rule 26 meeting, have made their initial disclosures, and have commenced and responded to discovery. In addition, Judge Walker has conducted a case management conference, is aware of the related actions and of Columbia's desire to transfer

- 2 -

these actions to his court. No discovery has been served in any other action, apart from certain limited written discovery served on November 24, 2003, in the Biogen case pursuant to an agreement between the parties. No responsive pleading has yet been filed in three of the cases.

5. All seven cases involve numerous common questions of fact. The central issue in each of the seven lawsuits is whether the '275 Patent is valid and enforceable. Each lawsuit involves challenges to the validity and enforceability of the '275 Patent on essentially the same three grounds: double patenting, prosecution laches, and inequitable conduct. A couple of the lawsuits allege additional grounds for challenging the validity and enforceability of the '275 Patent, such as patent misuse. Each lawsuit also asks for a declaration as to whether the licensees must pay royalties to Columbia based upon this same patent.

6. In addition, the pending actions raise common legal issues that could present a risk of inconsistent pretrial rulings on substantive and procedural issues unless these actions are transferred and consolidated under § 1407. For example, if these actions proceed on independent tracks, there is a significant risk of inconsistent ruling on claim construction and on potential summary judgment motions on the ultimate questions of validity and enforceability of the '275 Patent.

7. Transfer of all actions to the Northern District of California for consolidated pretrial proceedings would eliminate duplicative discovery, avoid conflicting rulings and schedules, save time and effort for the parties, the attorneys, the witnesses and the courts, and otherwise promote the just and efficient administration of all actions.

8. The Northern District of California is the most convenient for the parties, witnesses, and the judicial system because the litigation has progressed further in that district than any of the others. In addition, unlike any of the other districts, the Northern District of California employs a special set of Patent Local Rules designed to improve efficiency in patent litigation.

WHEREFORE, Columbia prays that the Panel enter an Order transferring the pending cases, as well as any related cases that might later be filed, to the United States District Court for the Northern District of California for consolidated pretrial proceedings under 28 U.S.C. § 1407 before The Honorable Vaughn R. Walker.

Dated: November 25, 2003

Respectfully submitted,

IRELL & MANELLA LLP
Morgan Chu
David I. Gindler
Jason Sheasby
Alison Hajdusiewicz

By: _____
David I. Gindler
Attorneys for The Trustees of
Columbia University in the City of
New York

IRELL & MANELLA LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199