# EXHIBIT E

Case 1:04-cv-12009-MLW   Document 20-6   Filed 01/14/2005   Page 1 of 7

```
 1   ARTHUR WINEBURG, pro hac vice
     PILLSBURY WINTHROP LLP
 2   1133 Connecticut Avenue, N.W.
     Washington, D.C. 20036
 3   Telephone: (202) 775-9800
     Facsimile: (202) 833-8491
 4
     KIRKE M. HASSON #61446
 5   PILLSBURY WINTHROP LLP
     50 Fremont Street
 6   Post Office Box 7880
     San Francisco, CA 94120-7880
 7   Telephone: (415) 983-1000
     Facsimile: (415) 983-1200
 8
     JENNIE L. LA PRADE #82224
 9   VICKI G. NORTON #175067
     PILLSBURY WINTHROP LLP
10   725 South Figueroa Street, Suite 2800
     Los Angeles, California 90017-5406
11   Telephone: (213) 488-7100
     Facsimile: (213) 629-1033
12
13   Attorneys for Plaintiffs
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Immunex Corporation, a Washington corporation, and Amgen Inc., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>The Trustees Of Columbia University In The City Of New York, a New York corporation,<br><br>Defendant. | No. CV-03-4349-MRP (CWx)<br><br>*Ex Parte A*pplication For Order (i) To Require Columbia To Comply With Its Rule 26 Obligations, (ii) That Formal Discovery May Commence, and (iii) That Amgen's Written Discovery Is Timely, Valid and Proper; Declaration of Jennie L. La Prade<br><br>Date: TBA<br>Time: TBA<br>Ctrm: 12<br>Honorable Mariana R. Pfaelzer |

20491750v2

1    Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local
2 Rules 7-19 and 26-1, Plaintiffs, Immunex Corporation and Amgen Inc.
3 ("Amgen"), seek a court order (i) to require Columbia to comply with its Rule
4 26 obligations, including participation in a Rule 26(f) meeting of the parties
5 and/or making its Rule 26(a)(1) disclosures, (ii) that formal discovery may
6 commence immediately, and (iii) that Amgen's written discovery to be served
7 shortly is timely, valid and proper.
8    This *ex parte* application is necessary because Defendant, The Trustees
9 of Columbia University in the City of New York ("Columbia") has engaged in
10 a pattern of delay that effectively has imposed a stay on discovery in this
11 action, despite the impending August 27 discovery cut-off.
12    The following information is provided pursuant to Local Rule 7-19.1:
13 A.   NAME OF COUNSEL FOR OPPOSING PARTY:
14    Wayne M. Barsky
15    Kevin S. Rosen
16    Dohoang T. Duong
17    Gibson, Dunn & Crutcher LLP
18    2029 Century Park East, Suite 4000
19    Los Angeles, CA 90067
20    Telephone: (310) 552-8500
21 B.   REASONS FOR SEEKING EX PARTE ORDER:
22    On February 18, 2004, the Court issued its Scheduling Order ("Order")
23 in this matter setting the following dates: Discovery Cut-off on August 27,
24 2004; Motion Cut-off on September 24, 2004; Pre-Trial Conference on
25 November 15, 2004 and Trial on December 7, 2004. Amgen's counsel
26 received a copy of the Order from the Court by email on February 24, 2004.
27    On March 3, 2004, Amgen requested a meeting of parties in compliance
28 with Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1.

1   In the two weeks since Amgen's request and despite having held one
2   telephonic meeting of counsel, Columbia has refused to tell Amgen whether it
3   will participate in a Rule 26(f) conference or agree that discovery may
4   commence.
5       If the parties do not hold a Rule 26(f) conference or Columbia does not
6   otherwise agree that discovery can commence, then Rule 26(d) appears to
7   preclude formal discovery. Given that the Court has set a discovery cut-off
8   date of August 27, 2004, Amgen wants and needs to be permitted to
9   commence discovery and obtain Columbia's initial disclosures immediately.
10  A hearing by noticed motion will require a minimum of 24 days of lost
11  discovery time, which is in addition to the more than two weeks Amgen has
12  lost while attempting to obtain Columbia's agreement to commence discovery.
13  Accordingly, Amgen will be prejudiced if it is forced to seek relief from the
14  court by noticed motion.
15  C.   NOTICE OF APPLICATION (LOCAL RULE 7-19.1)
16      On March 19, 2004, Amgen's counsel notified Columbia's counsel by
17  telephone of Amgen's intention to file this *ex parte* application on March 19,
18  2003 for hearing as soon as possible. As Columbia's counsel was unavailable,
19  a voicemail message was left. Thus, Amgen does not know whether Columbia
20  will oppose the application.
21      This Application is based on the attached Memorandum of Points and
22  Authorities, the concurrently filed Declaration of Jennie L. La Prade, the
23  pleadings, records and other papers on file in this action and other matters of
24  which the Court may take judicial notice, and upon any oral argument which
25
26
27
28

1
2  may be presented at the hearing of the application.
3
4      Dated:  March 19, 2004.        ARTHUR WINEBURG
                                      KIRKE M. HASSON
5                                     VICKI G. NORTON
                                      JENNIE L. LA PRADE
6                                     PILLSBURY WINTHROP LLP

7                                     By _____
                                         Jennie L. La Prade
8                                     ATTORNEYS FOR PLAINTIFFS
9                                     IMMUNEX CORPORATION and
                                      AMGEN INC.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

Amgen seeks relief enabling it to commence discovery immediately so that it can meet the August 27 discovery cut-off. As a result of Columbia's extensive motion practice which spanned a four-month period of time, it has taken several months for the pleadings in this case to reach the point where discovery could commence. Once Columbia answered Amgen's Second Amended Complaint and the Court issued its Scheduling Order, Amgen quickly asked Columbia for a Rule 26(f) conference to comply with the parties' initial disclosure and other obligations under Rule 26 of the Federal Rules of Civil Procedure and to trigger commencement of discovery. Rather than meet with Amgen or agree that discovery can commence immediately, Columbia has engaged in a pattern of delay to the detriment of Amgen.

Ex parte relief ordering commencement of discovery is necessary because of the tight discovery schedule in this case. Columbia served its Answer to the Second Amended Complaint and Counterclaims for Breach of Contract and Declaratory Relief ("Answer") on February 13, 2004. On February 18, 2004, the Court issued its Scheduling Order ("Order") in this matter setting the following dates: Discovery Cut-off on August 27, 2004; Motion Cut-off on September 24, 2004; Pre-Trial Conference on November 15, 2004 and Trial on December 7, 2004.

After receiving the Scheduling Order, Amgen diligently sought Columbia's compliance with Rule 26 so that discovery can commence; Columbia's response was and continues to be to delay. On March 3, 2004, Amgen requested a March 8 meeting of parties in compliance with Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1. La Prade Dec. ¶ 4. In response to several follow up requests from Amgen for a Rule 26(f) conference, on March 12, 2004, Columbia's counsel responded that he is unavailable on Monday but would discuss the "issue of discovery" on

1  Wednesday, March 17.  La Prade Dec. ¶ 6.

2  Columbia continued to resist discussing discovery on the March 17 call.
3  Columbia's counsel resisted discussing Rule 26 issues saying he was not in a
4  position to do so and that he did not have authority from his client to discuss
5  these issues.  He further stated that he would not agree that discovery could
6  commence immediately.  La Prade Dec. ¶s 7 and 8.

7  Given that the Court has set a discovery cut-off date of August 27, 2004,
8  Amgen wants and needs to be permitted to commence discovery and obtain
9  Columbia's initial disclosures immediately.  As a result, Amgen requests that
10 the Court issue an order (i) to require Columbia to comply with its Rule 26
11 obligations, including participation in a Rule 26(f) meeting of the parties
12 and/or making its Rule 26(a)(1) disclosures, (ii) that formal discovery may
13 commence immediately, and (iii) that Amgen's written discovery to be served
14 shortly is timely, valid and proper.

15
16  Dated: March 19, 2004.         ARTHUR WINEBURG
                                   KIRKE M. HASSON
17                                 VICKI G. NORTON
                                   JENNIE L. LA PRADE
18                                 PILLSBURY WINTHROP LLP

19                                 By  *(signature)*
20                                     Jennie L. La Prade
                                   ATTORNEYS FOR PLAINTIFFS
21                                 IMMUNEX CORPORATION and
                                   AMGEN INC.
22
23
24
25
26
27
28