# EXHIBIT I

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


IN RE:  COLUMBIA UNIVERSITY        )  CA 04-01592
                                   )  Boston, MA
PATENT LITIGATION                  )  September 9, 2004
                                   )


BEFORE THE HONORABLE MARK L. WOLF
UNITED STATES DISTRICT JUDGE
TELEPHONE CONFERENCE


APPEARANCES:


(As previously noted.)


JUDITH A. TWOMEY, RPR
Official Court Reporter
One Courthouse Way
Courtroom 10~Room 5200
Boston, MA 02210
(617)946-2577

1    you settle the case in the next week or so.  And I know

2    that's -- it just seems to me that that will, at a

3    minimum, lead to greater factual clarity so -- I know I'm

4    not trying to decide on a fluid record, actual record --

5    we'll know the scope of the covenants and whether people

6    have licenses or don't have licenses.  And then I'll

7    decide it.  It's all subject to an appeal.  If I dismiss

8    the case, the plaintiffs can appeal.  But I'm willing to

9    hear from you, but I don't know if it has any impact.

10   But you've got some Jewish holidays starting next week,

11   and I'm going to be in Seattle, Washington for a good

12   part of the week after that and have some other things

13   when I get back that can't be moved.  So the schedule I'm

14   talking about, in some respects, is not going to delay a

15   decision, because I'd have trouble getting you in for a

16   serious hearing before about October 5, in any event.

17   And I suppose if Columbia had -- and I'm willing to

18   listen to you on this, Mr. Gindler -- but if Columbia

19   filed this covenant back in June or earlier, we wouldn't

20   be under the time pressures we're under now.  But I do

21   know that counsel, the experts, and me have carved out

22   big pieces of time for the remainder of this year to deal

23   with this double patenting issue and I'll either dismiss

24   the case and get some time, or I'll adhere to that

25   schedule.  But my ability to devote that kind of time

33

1    further down the road is uncertain.  I've got other

2    demands in criminal cases, among other things.

3         MR. GINDLER:  Your Honor, this is David Gindler.

4    We understand the demands on the court's time.  Our hope

5    is to try to have this done as quickly as possible with

6    the court's own schedule and hoping to avoid any further

7    costs in the current double patenting schedule that the

8    court has laid out.  We gave the covenant as soon as

9    Columbia made the decision to go this route.  It was an

10   extremely difficult decision for the university to make.

11   It was largely driven by the university's desire not to

12   litigate '275 patent while the Patent Office is

13   determining what if any patent rights Columbia is

14   entitled to have in the first place.  A very hard

15   decision to make.  Many people were involved.  And

16   Columbia is giving up quite a lot to make this decision.

17        THE COURT:  And, in fact, you got -- I assume

18   that you and your client had material new information

19   after you had my decisions in the middle of August.  If I

20   had stayed this litigation --

21        MR. GINDLER:  We had a lot of new information

22   based upon the hearings we had, based upon your Honor's

23   rulings on the motion to stay, based upon expert reports.

24   All of these informed our decision.  But the primary

25   factor making our decision ultimately, looking back on

1    things, was the desire to not be litigating the validity

2    or stability of the '275 patent while the Patent Office

3    has decided to take a fresh look at the patent and decide

4    what patent protection Columbia is entitled to have.

5    That issue is informed, of course, by all of the things

6    that have transpired in this case.

7            THE COURT:  Mr. Ware, why don't you just take

8    your expert reports to the PTO.

9            MR. WARE:  Well, we are not a participant.  It's

10   Columbia.  It's an ex parte.

11           THE COURT:  I know.  I wrote about this in the

12   stay.  But it doesn't mean that -- you don't have the

13   same rights that you have in court, but it doesn't mean

14   you can't be heard at all.  And the concern is you want

15   more certainty.  But -- I mean, this may be as far as we

16   can go now.  But, Mr. Ware, you and your colleagues have

17   been reading the cases that you think are going to

18   distinguish this from the Supersack line.  We'll see.

19   But it just seems to me that this would be a very -- this

20   is a wonderful window of opportunity for everybody to

21   talk about settling the cases, because they are going to

22   be expensive.  If the plaintiffs don't win on double

23   patenting, this goes for a long time.  If the plaintiffs

24   do win on double patenting, there will be an appeal and a

25   period of uncertainty.  It's hard when you get a motion

35

1    and somebody asks for an immediate response to step back

2    and say, you know, can we settle all of this?  But I

3    think you ought to take at least a week to do that.  And

4    if you come back at the end of the week and ask for more

5    time, both of you, I'd give you that.

6          MR. WARE:  Your Honor, this is Donald Ware.

7    We'll certainly take that advice to heart.  In terms of

8    the schedule for the briefing, is it your Honor's

9    suggestion that we not set a date today?

10          THE COURT:  I'll give you some alternative

11    dates.  I think I should.  I'll give you some dates.  But

12    if you're in serious settlement discussions, which I

13    really think you should be, I'll relax some of the

14    briefing dates, if you ask me to, because you're going on

15    several tracks.  At the moment, I'm not relaxing the

16    dates for my June order to prepare -- to finish discovery

17    on the double patenting issues.  We can take that up when

18    I see you.  But I guess I'm going to order that you

19    report by 12 noon a week from today, the 17th, that you

20    confer with regard to both clarifying issues concerning

21    the scope of the covenant, and that should be in writing.

22    You should clarify whether the plaintiffs have licenses

23    or not.  And you should try to settle the cases and

24    report to me on where all that is by 12 noon on the 17th,

25    unless you went to the beginning of the next week.  And

1    then I thought I would have the plaintiffs respond to the

2    motion.  Somebody should keep working on it, since you

3    have so many lawyers on different tracks, if necessary,

4    by the 21st.  And I thought I would have Columbia respond

5    by maybe the 24th or, if they asked, maybe the 27th.

6    Then looking at my schedule, I'll give you a hearing on

7    the 5th at two o'clock.

8          MR. GINDLER:  Your Honor, this is David Gindler.

9    That's fine with us.  If we could have our reply until

10   the 27th.

11         THE COURT:  That's fine.

12         MR. GINDLER:  Thank you.

13         MS. BEN-AMI:  Your Honor, it's Leora Ben-Ami for

14   Wyeth who, once again, has a conflict with your schedule.

15   I have a Markman hearing on the 5th in Delaware.

16         THE COURT:  How about ten o'clock on the 6th?

17         MS. BEN-AMI:  That works for me.  Thank you,

18   your Honor.

19         THE COURT:  Is that all right for everybody

20   else?

21         MR. GINDLER:  Yes.

22         MR. WARE:  Yes, your Honor.

23         MR. ZALESIN:  Steven Zalesin for Johnson &

24   Johnson.  With respect to the date for reporting to the

25   court, in light of the Jewish holidays, I think it would