# EXHIBIT O

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WYETH,<br>a Delaware Corporation,<br><br>and<br><br>GENETICS INSTITUTE LLC<br>a Delaware Limited Liability Company,<br><br>　　　　　　　　　Plaintiffs,<br>　vs.<br><br>THE TRUSTEES OF COLUMBIA UNIVERSITY<br>IN THE CITY OF NEW YORK,<br>a New York Corporation,<br><br>　　　　　　　　　Defendant. | COMPLAINT FOR DECLARATORY<br>JUDGMENT AND INJUNCTIVE<br>RELIEF |

## COMPLAINT

### Introduction

1.  In 1983, The Trustees of Columbia University in the City of New York ("Columbia") obtained a patent relating to recombinant DNA and a process called "cotransformation." The National Institute of Health, Department of Health and Human Services ("HHS") funded the research that led to this invention, and granted Columbia "title" to the invention, with conditions. Among these was the condition that "any license granted by [Columbia] shall include adequate safeguards against unreasonable royalties and repressive practices." In 1987 and 1993, Columbia obtained two additional related patents concerning cotransformation. These three patents (the "Axel patents") all expired on August 16, 2000.

applications. Wyeth maintains that royalties and fees are not owed to Columbia under the License Agreement for that time period.

75. The express terms of the License Agreement do not provide for royalty or fee payments unless and until a patent issues.

76. Accordingly, no royalties or fees are due on the basis of any pending patent applications.

77. Wyeth desires a declaratory judgment that no royalties and fees are due on the basis of pending patent applications, and further that Columbia must repay to Wyeth any amounts paid to Columbia under the License Agreement for activities occurring between August 16, 2000 and September 24, 2002.

78. Wyeth, therefore, respectfully seeks judgment as hereinafter set forth.

### SIXTH CLAIM FOR RELIEF

**Declaratory Judgment that the '275 Patent is Unenforceable by Reason of Patent Misuse**

79. Wyeth incorporates and realleges all prior paragraphs of this complaint.

80. Columbia maintains that royalties and fees are owed under the License Agreement for activities occurring after August 16, 2000 on the basis of pending patent applications, including the patent application that issued as the '275 patent. Wyeth maintains that royalties are not owed Columbia under the License Agreement after August 16, 2000 on the basis of the '275 patent, neither while it was a pending patent application nor after its issuance on September 24, 2002.

81. Wyeth maintains that the '275 patent is unenforceable due to patent misuse because Columbia seeks unlawfully to extend its patent monopoly by claiming that Wyeth owes royalties and fees under the License Agreement on the basis of the '275 patent not only for activities

occurring after the '275 patent issued, but also for activities occurring in the period from August 16, 2000 through September 24, 2002, after the '216, '665 and '017 patents had expired, and before the '275 patent issued.

82. Accordingly, Wyeth desires a declaratory judgment that the '275 patent is unenforceable against Wyeth due to patent misuse, and a declaratory judgment that Wyeth does not owe royalties and fees claimed by Columbia, either before the '275 patent issued or after it issued.

83. Wyeth desires a declaratory judgment that Columbia must repay to Wyeth any amounts paid to Columbia under the License Agreement based on any pending applications for activities between August 16, 2000 and September 24, 2002, the time period between the expiration of the '216, '665, and '017 patents and the issue date of the '275 patent.

84. Wyeth further desires a declaratory judgment that Columbia must repay to Wyeth any amounts paid to Columbia under the License Agreement based on the '275 patent for activities from September 24, 2002, the issued date of the '275 patent, forward.

85. Wyeth, therefore, respectfully seeks judgment as hereinafter set forth.

### SEVENTH CLAIM FOR RELIEF

**Declaration that the '275 Patent is Unenforceable Against Wyeth Because Columbia is in Breach of the License Agreement**

86. Wyeth incorporates and realleges all prior paragraphs of this complaint.

87. Columbia's actions and conduct, including, *inter alia*, demanding royalty payments based on pending applications and the '275 patent, constitute a material breach of Section 2(b) of the License Agreement.

88. Section 2(b) of the License Agreement provides that "All rights granted by Columbia under this agreement are subject to any rights required to be granted to the