UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIOGEN IDEC INC., BIOGEN IDEC MA, INC. and GENZYME CORPORATION,<br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,<br><br>　　　　　　　Defendant. | CIVIL ACTION No. 04-CV-12009-MLW |

**PLAINTIFFS' OPPOSITION
TO COLUMBIA UNIVERSITY'S REQUEST FOR JUDICIAL NOTICE**

　　　Columbia's "request" for judicial notice, filed January 14, 2005, should either be stricken or be denied. It should be stricken because Columbia did not confer with plaintiffs before filing it. It should be denied because it is improper under Federal Rule of Evidence 201, which permits judicial notice of "facts" that are "not subject to reasonable dispute," not of self-serving documents proffered to contradict the pleadings on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

**Facts**

　　　Columbia filed its motion to dismiss on January 14, 2005. In its motion papers, it relied heavily on the content and implications of various documents outside the pleadings. Columbia purported to put those documents before the Court by means of a "Request for Judicial Notice."

Columbia had not notified plaintiffs of its intention to request judicial notice and did not confer with plaintiffs pursuant to Local Rule 7.1(A) to determine whether plaintiffs might agree to any aspects of the Request.  In the request, Columbia asked the Court "to take judicial notice pursuant to Federal Rule of Evidence 201 of the [listed] documents," including certain papers filed and orders issued in connection with the MDL actions, as well as the Rule 26(a)(2) reports of Columbia's scientific expert, Dr. Francis Ruddle.

After receiving Columbia's motion papers, on January 20, 2005, plaintiffs asked Columbia to clarify what Columbia was seeking when it asked the Court to take judicial notice of various "documents."  In particular, plaintiffs asked Columbia whether it sought to have the Court take notice of the content of the documents or merely the fact that a particular document existed or had been filed on a particular day.  Plaintiffs further objected to Columbia's having filed the Request without conferring with plaintiffs.  Counsel for Columbia responded by letter, asserting, ambiguously, that "Columbia seeks judicial notice of the existence **and** content of the referenced documents."  Letter from David I. Gindler to Claire Laporte, January 20, 2005 (Tab A) (emphasis in original).

Because this communication did not resolve the ambiguity in Columbia's request, plaintiffs wrote to Columbia noting that Columbia still had not clarified whether "Columbia is (1) asking the Court to take notice that a particular party made particular assertions in a document, or (2) asking the Court to take notice of and accept the truth of facts or opinions asserted in the document."  Letter from Claire Laporte to David I. Gindler, January 21, 2005 (Tab B).  Columbia responded that it was requesting that the Court take notice of the fact "that the document exists and contains certain statements or opinions made by a particular party or person."  Letter from David I. Gindler to Claire Laporte, January 21, 2005 (Tab C).

**Argument**

A.  **Columbia's Request for Judicial Notice Should be Stricken Because of Columbia's Failure to Confer.**

Evidently deciding that the title "Request" immunized it from any obligation to confer, Columbia did not consult with or notify plaintiffs before filing its Request, as required by Local Rule 7.1(A).[1]  This default permitted Columbia to present documents outside the record to the Court in a way that suggested that they were uncontroversial and that the Court should simply accept them, and Columbia's "spin" on them, for their truth.

The purpose of judicial notice is to establish an efficient procedure for a court to take notice of facts that both are "not subject to reasonable dispute" and are "either (1) generally known … or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); s*ee also* Fed. R. Evid. 201(b) advisory committee's note.  Given the framework established by Rule 201, Columbia knew or should have known that, insofar as it sought through its Request to establish "facts" or insinuations with which plaintiffs disagreed, those "facts" were unlikely to qualify as "not subject to reasonable dispute."  By the same token, Columbia could have come to agreement with plaintiffs on certain specific facts that were genuinely "not subject to reasonable dispute."  For example, plaintiffs might have agreed that the Court could take notice of the fact that a particular court had issued a particular ruling on a particular day.

Columbia's failure to confer appears to have been a deliberate strategy to put before the Court disputed, extra-record matters that are not susceptible to judicial notice.  Accordingly, plaintiffs respectfully request that this Court strike the Request in its entirety.

---

[1] The judicial notice rule itself, Federal Rule of Evidence 201, provides that "A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed."  Fed. R. Evid. 201(e).

**B.     The Request Should Be Denied Because It Improperly Requests that the Court Take Judicial Notice of Matters Outside the Record That Are Disputed or Irrelevant.**

Federal Rule of Evidence 201(b) requires that any judicially noticed fact "must be one not subject to reasonable dispute in that it is either (1) generally known … or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Columbia's Request for Judicial Notice flouts these requirements. As an initial matter, the Request asks the Court to take notice of "documents," not facts. Any of those documents could signify any number of facts. *See Torrens v. Lockheed Martin Svcs. Group., Inc.,* No. 2005 WL 280742, *4 (1st Cir. Feb. 7, 2005) (taking judicial notice of existence of letter but noting that "the letter is not relevant for the truth of anything asserted in it"); *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (judicial notice of documents may not be used "to prove the truth of their contents"). Further, many of the "facts" Columbia might seek to establish through the documents it proffers are disputed and thus are quintessentially not matters susceptible to judicial notice. *See, e.g.,* Plaintiffs' Opp. Mot. Dismiss, filed herewith, at §§ I.B.3, II.C.2.b (objecting to Columbia's reliance upon "Request for Judicial Notice" on the ground that Columbia seeks to use it to establish disputed contentions as "fact"); *Hennessy v. Penril Datacomm Networks*, 69 F.3d 1344, 1354-55 (7th Cir. 1995) ("In order for a fact to be judicially noticed, indisputability is a prerequisite."). Finally, many of the "facts" Columbia might seek to establish are subject to a variety of evidentiary objections, including hearsay. For example, the statements set forth in Exhibit S, a web biography discussed further below, are hearsay.

Columbia's "Request for Judicial Notice" is also improper because it seeks to bring before the Court matters of no relevance to the determination of the motion to dismiss. *See Guerra v. Teradyne, Inc.*, No. Civ.A. 01-11789-NG, 2004 WL 1467069, *3 (D. Mass. Jan. 16,

2004) (Dein, M.J.) (striking under Fed. R. Evid. 201 document irrelevant to determination of 12(b)(6) motion). Exhibits D, E, and F are all objectionable on this ground as they all seem to be offered to support Columbia's wholly irrelevant complaints against unrelated plaintiffs such as Genentech and Amgen. Exhibit A is offered in connection with Columbia's equally irrelevant complaint that Judge Pfaelzer of the Central District of California would not transfer the *Amgen* case to the Northern District of California.

Further, while a court deciding a Rule 12(b)(6) motion to dismiss may consider undisputed facts that are properly subject to judicial notice, "[c]ourt[s] should not use judicial notice to generate an evidentiary record and then weigh evidence – which plaintiffs have not had the opportunity to challenge – to dismiss plaintiffs' complaint." *In re Network Equip. Tech., Inc. Litig.*, 762 F. Supp. 1359, 1363 (N.D. Cal. 1991). Under this standard, Exhibits A – H and Q – Y are all objectionable, because Columbia improperly seeks to use them to establish "facts" Columbia then attempts to use to contradict the allegations of plaintiffs' amended complaint.

Among the documents Columbia has submitted, Exhibits Q, R, and S are particularly offensive to Rule 201. Exhibits Q and R, the expert reports of Francis H. Ruddle, represent Columbia's eleventh-hour effort to present a case on the merits. Exhibit S, a web biography of plaintiffs' expert Harvey F. Lodish, is a misleading and irrelevant attempt to attack Dr. Lodish's credibility. How these documents have any bearing on a Rule 12(b)(6) motion to dismiss is beyond comprehension.

Columbia's citation of Exhibits Q and R, its expert reports, appears to be a misguided effort to convince the Court that its assertion of its patent was not in bad faith. Citing Exhibits Q and R, Columbia argues that the validity of its patent "was supported by over fifty pages of detailed and thoughtful expert reports from Dr. Frances Ruddle, a distinguished professor at Yale

University who cited over one hundred peer-reviewed articles in support of his opinion." *See* Mem. Supp. Mot. Dismiss, 30.  It is difficult to imagine any reading of Rule 201 that would make the substance of Exhibits Q and R appropriate subjects of judicial notice.  Is Columbia asking the Court to accept Columbia's assertion that these fifty pages of expert report text are "thoughtful"?  That the articles cited in the opinions are "peer-reviewed"?  Does Columbia mean for the Court to accept its assertion, based on these exhibits, that Dr. Ruddle was "uniquely qualified to offer an expert opinion … unlike the expert proffered by Biogen and Genzyme"?  *Id.*

It is equally difficult to square Columbia's Exhibit S with the judicial notice rule.  Columbia attempts to use this exhibit, a web biography of Dr. Lodish, to establish that Dr. Lodish is not an independent expert.  *Id.* at 30-31.  It is difficult to understand how Dr. Lodish's activities decades ago, or Columbia's assertion of his lack of independence today, could be regarded as "generally known" or  "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" as required by Rule 201.  It is also impossible to fathom how any of Columbia's submissions to the Court could have any relevance to a motion to dismiss for failure to state a claim upon which relief can be granted.  Columbia's attempt to buttress its Rule 12(b)(6) motion by inviting the Court to weigh the credibility of the parties' experts takes "zealous advocacy" to a new extreme.

**Conclusion**

Columbia's "Request for Judicial Notice" is simply a back-door attempt to present disputed assertions as fact.  The Court should reject this attempt and either strike or deny the Request in its entirety.

Dated: February 11, 2005                               Respectfully submitted,

- 7 -

       /s/ Claire Laporte
Donald R. Ware (BBO # 516260)
Claire Laporte (BBO # 554979)
Sarah Cooleybeck (BBO # 631161)
Carla Miriam Levy (BBO # 654212)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Telephone: (617) 832-1000
Facsimile: (617) 832-7000
Attorneys for BIOGEN IDEC INC., BIOGEN IDEC MA, INC. and GENZYME CORPORATION