# TAB 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE COLUMBIA UNIVERSITY PATENT LITIGATION | MDL No. 1592 (MLW)<br><br>This Document Relates To All Actions |

**COLUMBIA UNIVERSITY'S MEMORANDUM IN SUPPORT OF EMERGENCY MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Dated: September 2, 2004

Thomas F. Maffei (BBO # 313220)
Scott McConchie (BBO # 634127)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA 02210-2600
(617) 542-9900
(617) 542-0900 (fax)

Morgan Chu
David I. Gindler
Jason G. Sheasby
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Wayne M. Barsky
Kevin S. Rosen
Amanda J. Tessar
Gibson, Dunn & Crutcher LLP
2029 Century Park East
Los Angeles, California
90067-3026
(310) 552-8500
(310) 551-8741 (fax)

ATTORNEYS FOR THE TRUSTEES
OF COLUMBIA UNIVERSITY IN
THE CITY OF NEW YORK

*Id.* (citations omitted); *see also Amana*, 172 F.3d at 855 (affirming the lower court's dismissal of declaratory judgment claims for lack of subject matter jurisdiction, the Federal Circuit noted that "[h]ere, as in *Spectronics*, the future existence of a reissue patent is wholly speculative and, therefore, cannot create a present controversy.").

IV. **COLUMBIA'S COVENANT NOT TO SUE VITIATES SUBJECT MATTER JURISDICTION OVER ALL BUT TWO OF PLAINTIFFS' CLAIMS**

Columbia has expressly and unequivocally promised each plaintiff in this action that it will not ever assert the '275 patent, as it now reads, against any past or current product. Exh. B to Gindler Decl. As a result of this commitment, plaintiffs cannot, as a matter of law, have any "reasonable apprehension" of suit by Columbia under the '275 patent that would support the ongoing jurisdiction of this Court over claims seeking to establish the invalidity, unenforceability, or non-infringement of the '275 patent. Here, as in *Super Sack*, each plaintiff can have "no cause for concern that it can be held liable for any infringing acts involving products that it made, sold, or used on or before" the date on which the Covenant was extended to them. 57 F.3d at 1059. And here, as in *Super Sack*, Columbia's Covenant "removes from the field any controversy sufficiently actual to confer jurisdiction over this case." *Id.* Accordingly, all claims seeking a declaratory judgment of invalidity, unenforceability, or non-infringement must be dismissed. *See* Category I of Appendix 1.

In addition to the group of claims seeking declaratory judgment of invalidity, unenforceability, and/or non-infringement, there is a second group of claims that seek declaratory judgment that no royalties are owed under the '275 patent. *See* Category II of Appendix 1. By promising never to assert the '275 patent as to current or past products, Columbia is unequivocally promising that plaintiffs will never have to pay any royalties on

any current or past products. Thus, plaintiffs' claims seeking to establish the lack of a royalty obligation to Columbia under the '275 patent are also non-justiciable for all of the same reasons as are set forth above.

A third group of claims seeks declaratory relief that no royalties are owed on the basis of pending patent applications. *See* Category III of Appendix 1. Earlier in this case, Columbia voluntarily and unequivocally disclaimed any right to collect royalties on the basis of pending patent applications and thus there can be no actual controversy over this issue as well. Exh. A to Gindler Decl.

Finally, there are two claims purporting to seek a declaratory judgment that this is an "exceptional case" under 35 U.S.C. § 285. *See* Category IV of Appendix 1. As a matter of law, the plaintiffs cannot be adjudicated the "prevailing party" in this action—the prerequisite for the determination of exceptional case status, *Machinery Corp. of America v. Gullfiber AB*, 774 F.2d 467, 470 (Fed. Cir. 1985)—without having achieved any substantial relief on the merits. *Buckhannon Board and Care Home, Inc. v. W. Va. Dep't of Health and Human Resources*, 532 U.S. 598, 603 (2001); *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004) (noting "the general principle that to be a prevailing party, one must receive at least some relief on the merits, which alters…the legal relationship of the parties") (quotations omitted). Thus, these claims must also be dismissed.

V.  **THE REMAINING CLAIMS SHOULD BE REMANDED TO THE DISTRICT COURTS WHERE THEY WERE ORIGINALLY FILED**

It is within the authority of this Court to suggest to the JPML remand of claims when only case-specific, collateral claims remain in the action, and when remand to the transferor court would promote the just and efficient resolution of the actions. *In re Baseball Bat*