# TAB 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Amgen Manufacturing, Limited; Immunex Rhode Island Corporation; and Amgen USA, Inc.,<br><br>Plaintiffs,<br><br>vs.<br><br>The Trustees of Columbia University in the City of New York, a New York corporation,<br><br>Defendant. | Civil Action No. 04-12626 (MLW) |

**REPLY IN SUPPORT OF COLUMBIA UNIVERSITY'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Dated: February 1, 2005

Thomas F. Maffei (BBO #313220)
Scott McConchie (BBO #634127)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA 02210-2600
(617) 542-9900
(617) 542-0900 (fax)

Wayne M. Barsky
Amanda Tessar
Jacqueline G. Curnutte
Gibson, Dunn & Crutcher LLP
2029 Century Park East, Suite 4000
Los Angeles, CA 90067-3026
(310) 552-8500
(310) 551-8741 (fax)

Attorneys for the Trustees of Columbia University in the City of New York

Among the many flaws in the Affiliates' Opposition, one stands out as particularly fatal. The Affiliates concede that Columbia is not be ready to bring suit "right now," but argue that they should not be required to stand by while Columbia reserves the right to sue them later, at a time and place of Columbia's choosing:

> Columbia's assertion that it does not intend to sue the Affiliates "right now" (Columbia Memo., p. 2) misses the mark; *it is precisely because Columbia does not want to sue the Affiliates "right now" but insists on the right to sue them later* for things they are doing "right now" that the Affiliates need a declaration.

Affiliates Opp'n, pp. 1-2 (emphasis supplied). This argument demonstrates a fundamental misunderstanding of controlling precedent. As this Court and the Federal Circuit have both noted, the declaratory judgment jurisdiction of this Court arises, if at all, only where a lawsuit is *imminent*. As recently as two weeks ago, the Federal Circuit reiterated this well-established, bedrock principle of justiciability in an unequivocal holding that wholly undermines the core position asserted by the Affiliates in opposing Columbia's motion.

In *Teva Pharms. USA, Inc. v. Pfizer, Inc.*, -- F.3d --, 2005 WL 119890 (Fed. Cir. 2005) ("*Teva*"), the Federal Circuit affirmed this Court's dismissal of a patent declaratory judgment action for lack of subject matter jurisdiction. The Federal Circuit specifically held that, to establish subject matter jurisdiction, the declaratory judgment plaintiff "must be able to demonstrate that it has a reasonable apprehension of *imminent* suit." *Teva*, -- F.3d at * 8 (emphasis in original).

Here, not only have the Affiliates failed to meet their burden of establishing that they have a "reasonable apprehension of *imminent* suit," as *Teva* explicitly requires, they in fact concede such a lawsuit is *not* imminent. *E.g.,* Affiliates Opp'n, at pp. 1-2 ("it is precisely because *Columbia does not want to sue the Affiliates "right now" but insists on the right to sue*

2