# TAB 7



# 45

**Public Welfare**

PARTS 1 TO 99

Revised as of October 1, 1980

CONTAINING
A CODIFICATION OF DOCUMENTS
OF GENERAL APPLICABILITY
AND FUTURE EFFECT

AS OF OCTOBER 1, 1980

*With Ancillaries*

Published by
the Office of the Federal Register
National Archives and Records Service
General Services Administration

as a Special Edition of
the Federal Register

§ 8.0

written appeal with the Commissioner, in duplicate, and a copy of the appeal with the Assistant Secretary (Health and Scientific Affairs), within 30 days (or such longer period as the Commissioner may, for good cause, fix in any case) after receiving written notice of such determination.

[27 FR 7986, Aug. 10, 1962, as amended at 31 FR 12842, Oct. 1, 1966]

## PART 8—INVENTIONS RESULTING FROM RESEARCH GRANTS, FELLOWSHIP AWARDS, AND CONTRACTS FOR RESEARCH

Sec.
8.0  Policy.
8.1  Conditions to be included in research grants.
8.2  Determination as to domestic rights.
8.3  Licenses to the Government.
8.4  Option to acquire foreign rights.
8.5  Fellowships.
8.6  Contracts for research.
8.7  Cancer chemotherapy industrial research contracts.
8.8  Screening of compounds generated under DHHS grants and awards.

AUTHORITY: Reorg. Plan No. 1 of 1953, 18 FR 2053; 3 CFR, 1953 Supp. E.O. 9865, 12 FR 3907; 3 CFR, 1947 Cum. Supp. E.O. 10096, 15 FR 391; 3 CFR, 1950 Supp.

SOURCE: 20 FR 6749, Sept. 14, 1955, unless otherwise noted.

### § 8.0  Policy.

(a) The Department of Health and Human Services each year is expending large sums in the form of grants for research. These grants are made primarily by the Public Health Service in carrying out its broad responsibility under the Public Health Service Act to promote and coordinate research in the field of health and to make available information concerning such research and its practical application. The scientific and technological advances attributable, in varying degrees to this expenditure of public funds frequently include patentable inventions.

(b) The Department, as a matter of policy, takes the position that the results of research supported by grants of public moneys should be utilized in the manner which would best serve the public interest. It is believed that the public interest will in general be best served if inventive advances resulting therefrom are made freely available to the Government, to science, to industry, and to the general public.

(c) On the other hand, in some cases it may be advisable to permit a utilization of the patent process in order to foster an adequate commercial development to make a new invention widely available. Moreover, it is recognized that inventions frequently arise in the course of research activities which also receive substantial support from other sources, as well as from the Federal grant. It would not be consistent with the cooperative nature of such activities to attribute a particular invention primarily to support received from any one source. In all these cases the Department has a responsibility to see that the public use of the fruits of the research will not be unduly restricted or denied.

(d) The following conditions have been adopted to govern the treatment of inventions made in these various types of situations. They are designed to afford suitable protection to the public interest while giving appropriate recognition to the legitimate interests of others who have contributed to the invention.

### § 8.1  Conditions to be included in research grants.

Subject to legislative directives or Executive orders providing otherwise, all grants in aid of research shall provide as a condition that any invention arising out of the activities assisted by the grant shall be promptly and fully reported, and shall provide either:

(a) That the ownership and manner of disposition of all rights in and to such invention shall be subject to determination by the Assistant Secretary (Health and Scientific Affairs) or

(b) That the ownership and disposition of all domestic rights shall be left for determination by the grantee institution in accordance with the grantee's established policies and procedures, with such modifications as may be agreed upon and specified in the grant, provided the Assistant Secretary (Health and Scientific Affairs) finds that these are such as to assure that the invention will be made available without unreasonable restrictions

Title 45—Public Welfare

or excessive [...]
the Governm[...]
ty-free licen[...]
sublicenses a[...]
any patent [...]
upon the inv[...]

(c) Where [...]
rangement w[...]
to paragraph[...]
provide in a[...]
Order 9865 [...]
the Governm[...]
period to be[...]
patent appli[...]
tion.

[20 FR 6749, [...]
31 FR 12842, O[...]

### § 8.2  Determi[...]

Rights in a[...]
to disposition[...]
to § 8.1(b) are[...]
Assistant Sec[...]
tific Affairs) [...]

(a) If he fir[...]
assurance t[...]
either be eff[...]
public, or th[...]
be obtained [...]
ally available[...]
exclusive lice[...]
these results[...]
ee.

(b) If he [...]
will thereby [...]
quickly devel[...]
that there ar[...]
against unrea[...]
pressive prac[...]
be assigned [...]
tion for deve[...]
tion for the t[...]
lesser period [...]
sary.

(c) If he fi[...]
another co[...]
agency is par[...]
the Departme[...]
Services, or w[...]
quired or in t[...]
vention may [...]
that agency i[...]
policy.

(d) In all [...]
quire that al[...]
invention sh[...]
United State[...]
that the inve[...]
importance [...]

Subtitle A—[...]

[Left column — partial text from binding edge:]

**Public Welfare**

...made freely
...ment, to sci-
...o the general

...in some cases
...ermit a utiliza-
...ss in order to
...mercial devel-
...new invention
...ver, it is recog-
...equently arise
...arch activities
...tantial support
...ell as from the
...not be consist-
...ive nature of
...te a particular
...support re-
...source. In all
...ment has a re-
...the public use
...search will not
...denied.
...onditions have
...the treatment
...these various
...ey are designed
...tection to the
...riving appropri-
...egitimate inter-
...e contributed to

...included in re-

...re directives or
...lding otherwise,
...earch shall pro-
...it any invention
...rities assisted by
...mptly and fully
...vide either:
...hip and manner
...ights in and to
...e subject to de-
...istant Secretary
...Affairs) or
...hip and disposi-
...hts shall be left
...he grantee insti-
...with the gran-
...icies and proce-
...ifications as may
...specified in the
...Assistant Secre-
...cientific Affairs)
...uch as to assure
...ll be made availa-
...able restrictions

[Main column:]

or excessive royalties, and provided the Government shall receive a royalty-free license, with a right to issue sublicenses as provided in § 8.3, under any patent applied for or obtained upon the invention.

(c) Wherever practicable, any arrangement with the grantee pursuant to paragraph (b) of this section shall provide in accordance with Executive Order 9865 that there be reserved to the Government an option, for a period to be prescribed, to file foreign patent applications upon the invention.

[20 FR 6749, Sept. 14, 1965, as amended at 31 FR 12842, Oct. 1, 1966]

**§ 8.2 Determination as to domestic rights.**

Rights in any invention not subject to disposition by the grantee pursuant to § 8.1(b) are for determination by the Assistant Secretary (Health and Scientific Affairs) as follows:

(a) If he finds that there is adequate assurance that the invention will either be effectively dedicated to the public, or that any patent which may be obtained thereunder will be generally available for royalty-free and nonexclusive licensing, the effectuation of these results may be left to the grantee.

(b) If he finds that the invention will thereby be more adequately and quickly developed for widest use and that there are satisfactory safeguards against unreasonable royalties and repressive practices, the invention may be assigned to a competent organization for development and administration for the term of the patent or such lesser period as may be deemed necessary.

(c) If he finds that the interest of another contributing Government agency is paramount to the interest of the Department of Health and Human Services, or when otherwise legally required or in the public interest, the invention may be left for disposition by that agency in accordance with its own policy.

(d) In all other cases, he shall require that all domestic rights in the invention shall be assigned to the United States unless he determines that the invention is of such doubtful importance or the Government's equity in the invention is so minor that protective measures, except as provided in § 8.3, are not necessary in the public interest.

[20 FR 6749, Sept. 14, 1965, as amended at 31 FR 12842, Oct. 1, 1966]

**§ 8.3 Licenses to the Government.**

Any arrangement or determination as to the disposition of rights in inventions pursuant to §§ 8.1, 8.2, 8.5 or 8.6 shall require that there be reserved under any patent application or patent thereon, domestic or foreign, a nonexclusive, irrevocable, royalty-free license to the Government with power to sublicense for all governmental purposes.

[22 FR 9696, Dec. 4, 1957]

**§ 8.4 Option to acquire foreign rights.**

In any case where it is determined that all domestic rights should be assigned to the Government, there shall be reserved to the Government, pursuant to Executive Order 9865 (3 CFR, 1943–1948 Comp.) and Government-wide regulations issued thereunder, an option to require the assignment of all rights in the invention in all or in any specified foreign countries. In any case where the inventor is not required to assign the patent rights in any foreign country or countries to the Government, or the Government fails to exercise its option within such period of time as may be provided by regulations issued by the Chairman of the Government Patents Board any application for a patent which may be filed in such country or countries by the inventor or his assignee shall nevertheless be subject to a nonexclusive, irrevocable, royalty-free license to the Government for all governmental purposes, including the power to sublicense for all governmental purposes.

**§ 8.5 Fellowships.**

In the discretion of the Assistant Secretary (Health and Scientific Affairs), the award of a fellowship to a person not a Government employee may provide for the reporting of any invention made during the term thereof, and for its disposition in accordance with the provisions of § 8.1(a) or for its disposition by the institution at

§ 8.6

Title 45—Public Welfare

Subtitle A—

which the research was performed in accordance with its established policies, if applicable to such an invention, which meet the requirements of paragraph (b) of such section.

[22 FR 9695, Dec. 4, 1957, as amended at 31 FR 12842, Oct. 1, 1966]

§ 8.6 Contracts for research.

(a) Contracts for research, with other than nonprofit institutions, shall provide that any invention first conceived or actually reduced to practice in the course of the performance of the contract shall be promptly and fully reported to the Assistant Secretary (Health and Scientific Affairs) for determination by him as to the manner of disposition of all rights in and to such invention, including the right to require assignment of all rights to the United States or dedication to the public. In the exercise of this power the organization head will be guided by the policy specified in § 8.2 with respect to grants.

(b) Contracts for research with nonprofit institutions shall contain provisions as in paragraph (a) of this section except that, if it is determined that the institution's policies and procedures are acceptable as meeting the requirements of § 8.1(b) with respect to grants, the contract may provide, with such special stipulations in the contract as may be deemed necessary in the public interest, for leaving the ownership and disposition of all domestic rights for determination by the contracting institution in accordance with such policies and procedures.

[23 FR 1215, Feb. 27, 1958, as amended at 31 FR 12842, Oct. 1, 1966]

§ 8.7 Cancer chemotherapy industrial research contracts.

Notwithstanding the provisions of § 8.6, the Surgeon General in the negotiation of contracts with other than nonprofit organizations for the cancer chemotherapy research program shall be subject only to such limitations and alternatives as the Assistant Secretary (Health and Scientific Affairs) may approve for such program.

[22 FR 9696, Dec. 4, 1957, as amended at 31 FR 12842, Oct. 1, 1966]

§ 8.8 Screening of compounds generated under DHHS grants and awards.

(a) *General policy.* (1) Chemical compounds having potential medicinal and other utilities are often synthesized or identified during the course of research financed under DHHS research grants and awards. Reporting, filing patent applications on, and determining ownership in inventions relating to such compounds pose problems which require special attention. After a compound has been synthesized, it generally will not constitute a patentable invention under the patent laws of the United States until a specific utility for the compound has been established. It is the policy of the Department that all compounds synthesized or identified during the course of grant-supported research should be adequately screened and tested in Government or non-Government facilities in order that all possible utilities may be ascertained and that any promising compounds may be fully developed for widest possible use. The Department encourages the utilization, whenever appropriate, of the screening services of the Cancer Chemotherapy National Service Center and the Walter Reed Army Institute of Research.

(2) It is the policy of the Department notwithstanding anything to the contrary under patent law of the United States or requirements of U.S. Patent Office practice, to acquire no ownership rights to inventions claiming novel methods of using compounds, where such use inventions are first conceived and reduced to practice solely by the screening or testing organization without the use of grant funds.

(b) *Screening performed with use of grant funds.* Where nongovernmental facilities are utilized for screening services to be performed and paid for by the grantee (as used in this section, the term "grantee" refers to awardees in addition grantee (as used in this section, the term to grantee institutions) with grant funds, the grantee shall obtain an agreement with the screening organization providing that the screener shall promptly report to the grantee the details of any positive findings of utility for the compound

and that all to the comp as between t er, vest in th such report grantee shal to DHHS. O rights to th utilities shal tion by t (Health and vided by th award in acc that where t entered into Agreement v suant to § 8. vention righ with the terr

(c) *Screeni use of grant* to be perfor facilities wi funds, the have compo of the follow

(1) *Institu* Where the g tered into Agreement under § 8.1( Patent Regu enter into screener wh with, and w fully comply such Institu The agreen shall, as a m ership of pa resulting fro shall vest, de ventorship, i er, or both, ment may le organization ventions cla using compo ventions are duced to pra ing or testing use of grant administer a compound s rights vested ance with th al Patent Agr

(2) *Patent* Where an Ir