# TAB 8

IRELL & MANELLA LLP
Morgan Chu (70446)
David I. Gindler (117824)
Jason G. Sheasby (205455)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:  (310) 277-1010
Facsimile:  (310) 203-7199

Attorneys for Plaintiff
The Trustees of Columbia University
in the City of New York

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,<br><br>Plaintiff,<br><br>vs.<br><br>JOHNSON & JOHNSON and ARES TRADING S.A.,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff The Trustees of Columbia University in the City of New York ("Columbia") alleges as follows:

## THE PARTIES

1. Columbia is a non-profit corporation organized and existing under the laws of the State of New York, having its principal place of business in New York, New York.

2. Columbia is informed and believes, and on that basis alleges, that defendant Ares Trading S.A. ("Ares Trading") is a corporation organized and existing under the laws of Switzerland, having its principal place of business in Vaumarcus, Switzerland.

3. Columbia is informed and believes, and on that basis alleges, that defendant Johnson & Johnson ("J&J") is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business in New Brunswick, New Jersey.

## JURISDICTION

4. This is an action for declaratory relief under the patent laws of the United States, including Title 35 of the United States Code, and for breach of contract.

5. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202. An actual controversy exists between the parties regarding the validity and enforceability of a patent that Columbia has licensed to defendants. In addition, Columbia seeks recovery of royalties that defendants owe to Columbia under their respective license agreements.

6. This Court also has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy, exclusive of costs or interest, exceeds $75,000 for each defendant, and the action is between citizens of different states.

## VENUE

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 (a), (b), and (d).

## INTRADISTRICT ASSIGNMENT

8. Columbia requests that the Clerk assign this case to The Honorable Vaughn R. Walker in the San Francisco Division. A related case involving identical subject matter, entitled *Genentech, Inc. v. The Trustees of Columbia University in the City of New York*, Case No. C 03-1603-VRW, is currently pending before Judge Walker.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment)

9. United States Patent No. 6,455,275 (the "'275 Patent") was duly and legally issued on September 24, 2002. Columbia is the owner by assignment of all right, title, and interest in and to the '275 Patent.

10. Defendants are parties to written license agreements with Columbia that grant defendants a license to certain patent rights, including the '275 Patent. In consideration for the licenses granted by Columbia, defendants agreed to pay royalties to Columbia on certain licensed products.

11. Columbia maintains that the claims of the '275 Patent are valid and enforceable and that defendants are obligated to pay royalties to Columbia on products covered by the '275 Patent.

Columbia is informed and believes, and on that basis alleges, that defendants maintain that the claims of the '275 Patent are invalid and unenforceable and that they are not obligated to pay royalties to Columbia on any products covered by the '275 Patent. Neither J&J nor Ares Trading has paid (or agreed to pay) royalties to Columbia based on the '275 Patent. Accordingly, there is a case or controversy between the parties regarding whether the '275 Patent is valid and enforceable, and whether defendants owe royalties to Columbia on products covered by the '275 Patent.

12. Columbia is entitled to and seeks a declaratory judgment from this Court that the '275 Patent is valid and enforceable, and is not rendered invalid or unenforceable on any basis whatsoever, including, but not limited to, the doctrines of double-patenting, prosecution laches, and inequitable conduct.

13. This is an exceptional case, and Columbia is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

### SECOND CLAIM FOR RELIEF

**(Breach of Contract)**

14. Columbia incorporates herein by this reference paragraphs 1 through 13 as if set forth in full.

15. Columbia has performed all conditions, covenants, and promises that it is required to perform under the license agreements with defendants.

16. Defendants have materially breached their obligations under their license agreements with Columbia by, among other things, failing to pay all amounts due and owing to Columbia under these agreements. In particular, Ares Trading has failed to pay all royalties due and owing to Columbia on follitropin alfa and interferon beta-1a; and J&J has failed to pay all royalties due and owing to Columbia on Epoetin alfa.

17. As a proximate result of the conduct alleged above, Columbia has suffered actual and consequential damages in an amount not yet ascertained but which is in excess of $75,000 as to each defendant.

WHEREFORE, Columbia prays for relief as follows:

1. For a declaratory judgment that the '275 Patent is valid and enforceable;

2. For damages resulting from defendants' breach of their license agreements with Columbia;

3. For an award of interest on damages;

4. For a declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and an award of attorneys' fees and costs; and

5. For an award of such other and further relief as this Court deems just and proper.

Dated: October 30, 2003

Respectfully submitted,

IRELL & MANELLA LLP
Morgan Chu
David I. Gindler
Jason G. Sheasby

By: /s/ David I. Gindler
David I. Gindler

Attorneys for Defendant
The Trustees of Columbia University
in the City of New York

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Columbia hereby demands a trial by jury on any issue triable of right by a jury.

Dated: October 30, 2003

Respectfully submitted,

IRELL & MANELLA LLP
Morgan Chu
David I. Gindler
Jason G. Sheasby

By: /s/ David I. Gindler
David I. Gindler

Attorneys for Plaintiff
The Trustees of Columbia University
in the City of New York

IRELL & MANELLA LLP
Registered Limited Liability
Law Partnership Including
Professional Corporations

- 5 -

COMPLAINT F    24

## FED. R. CIV. P. 7.1 AND CIV. L.R. 3-16 DISCLOSURE STATEMENT

Columbia submits this Disclosure Statement pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and Rule 3-16 of the Civil Local Rules for the Northern District of California.

Pursuant to Rule 3-16 of the Civil Local Rules, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

The Trustees of Columbia University in the City of New York: Columbia is the plaintiff in this litigation.

Dr. Richard Axel: Dr. Axel is a named inventor on patents and patent applications licensed to defendants. These license agreements are in dispute in this litigation. He receives a share of the royalties paid to Columbia under these license agreements.

Dr. James M. Roberts: Dr. Roberts is a named inventor on patents and patent applications licensed to defendants. These license agreements are in dispute in this litigation. He receives a share of the royalties paid to Columbia under these license agreements.

Dr. Saul J. Silverstein: Dr. Silverstein is a named inventor on patents and patent applications licensed to defendants. These license agreements are in dispute in this litigation. He receives a share of the royalties paid to Columbia under these license agreements.

Dr. Michael H. Wigler: Dr. Wigler is a named inventor on patents and patent applications licensed to defendants. These license agreements are in dispute in this litigation. He receives a share of the royalties paid to Columbia under these license agreements.

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Columbia has no parent corporation nor is there any publicly held corporation that owns any interest in Columbia.

In addition, while the following parties are not "interested parties" within the meaning of Local Rule 3-16, they are currently challenging the validity and enforceability of U.S. Patent No. 6,455,275 in other lawsuits:

Genentech, Inc.

Amgen Inc.

Immunex Corporation

Biogen, Inc.

Abbott Bioresearch Center, Inc.

Genzyme Corporation

Wyeth

Genetics Institute LLC

Dated: October 30, 2003

Respectfully submitted,

IRELL & MANELLA LLP
Morgan Chu
David I. Gindler
Jason G. Sheasby

By: /s/ David I. Gindler
    David I. Gindler

Attorneys for Plaintiff
The Trustees of Columbia University
in the City of New York