# TAB 9

1  GIBSON, DUNN & CRUTCHER, LLP
   Wayne M. Barsky, SBN 116731
2  Kevin S. Rosen, SBN 133304
   DoHoang T. Duong, SBN 219127
3  2029 Century Park East, Suite 4000
   Los Angeles, California 90067-4276
4
   Telephone:  (310) 552-8500
5  Facsimile:   (310) 557-8741

6  Attorneys for Defendant and Counterclaimant,
   The Trustees Of Columbia University
7  In The City Of New York

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                        WESTERN DIVISION

11



12  IMMUNEX CORPORATION, a              Case No. CV 03-4349-MRP(CWx)
    Washington corporation, and AMGEN,
13  INC., a Delaware corporation,       ANSWER OF COLUMBIA
                                        UNIVERSITY TO SECOND
14              Plaintiffs,             AMENDED COMPLAINT FOR
                                        DECLARATORY AND INJUNCTIVE
15      vs.                             RELIEF

16  THE TRUSTEES OF COLUMBIA            COUNTERCLAIMS FOR BREACH
    UNIVERSITY IN THE CITY OF NEW       OF CONTRACT AND
17  YORK, a New York corporation,       DECLARATORY RELIEF

18              Defendant.              DEMAND FOR JURY TRIAL

19  THE TRUSTEES OF COLUMBIA
    UNIVERSITY IN THE CITY OF NEW
20  YORK, a New York corporation,

21              Counterclaimant,

22      vs.

23  IMMUNEX CORPORATION, a
    Washington corporation, and AMGEN,
24  INC., a Delaware corporation,

25              Counterdefendants.

26

27

28



DOCKETED ON CM

FEB 17 2004

BY _____ 013

57

## ANSWER TO SECOND AMENDED COMPLAINT

The Trustees of Columbia University in the City of New York ("Columbia"), by and through their counsel of record in this action, respond to the Second Amended Complaint For Declaratory And Injunctive Relief Re: Contract Rights, Invalidity, Unenforceability and Non-Infringement Of U.S. Patent No. 6,455,275 (the "Second Amended Complaint") filed by Plaintiffs Immunex Corporation ("Immunex") and Amgen, Inc. ("Amgen") (collectively, "Plaintiffs") as follows:

1.      Responding to paragraph 1 of the Second Amended Complaint, Columbia specifically denies each and every allegation therein.

2.      Responding to paragraph 2 of the Second Amended Complaint, Columbia admits that it is the assignee of four issued United States patents, each of which claims priority to the filing date of application Serial No. 06,124,513, filed on February 25, 1980 (the "'513 application"), now United States Patent No. 4,399,216 (the '216 patent"). Columbia admits that the '216 patent issued on August 16, 1983. Columbia admits that United States Patent No. 4,634,665 (the "'665 patent") was issued on January 6, 1987, and claims priority to the filing date of the '513 application. Columbia admits that United States Patent No. 5,179,017 (the "'017 patent") was issued on January 12, 1993, and claims priority to the filing date of the '513 application. Columbia admits that U.S. Patent No. 6,455,275 (the "'275 patent") issued on September 24, 2002, and claims priority to the filing date of the '513 application. Columbia admits that it is, and at all relevant times has been, the assignee of the '216, '665, '017, and '275 patents (collectively, the "Axel patents"). Columbia admits that the '216 patent expired on August 16, 2000, and that the '665 and '017 patents were issued subject to terminal disclaimers which caused them to expire on that same date. Columbia admits that Amgen and Immunex have paid Columbia, in the aggregate, in excess of $100 million in contractual fees and royalties, an amount that is miniscule in proportion to the billions of dollars received by Amgen and

2

## COUNTERCLAIMS

The Trustees of Columbia University in the City of New York ("Columbia"), by and through their counsel of record in this action, counterclaim against Amgen, Inc. ("Amgen") and Immunex Corporation ("Immunex") as follows:

### JURISDICTION

1.    This is an action within the original jurisdiction of the federal courts under 28 U.S.C. §1332(a)(1), in that counterclaimant Columbia is a citizen of the State of New York, and counterclaim defendants Amgen and Immunex are alleged to be citizens of the states of California and Washington, respectively.  The amount in controversy exceeds $75,000, exclusive of interests and costs.  This Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. §1367(a), in that the claims presented herein form part of the same case or controversy as alleged in the Second Amended Complaint.  28 U.S.C. §§ 1331, 1338(a), 2201.

### VENUE

2.    Venue is proper under 28 U.S.C. §1391(a)(1) in that Amgen and Immunex are alleged to reside in this judicial district.

### THE PARTIES

3.    Counterclaim plaintiff Columbia is a research and educational institution organized as a non-profit corporation under the laws of the State of New York, with its principal place of business in New York, New York.

4.    On information and belief, counterclaim defendant Amgen is a Delaware corporation with its principal place of business located in Thousand Oaks, California.

5.    On information and belief, counterclaim defendant Immunex is a Washington corporation with its principal place of business located in Thousand Oaks, California.

21

ANSWER OF COLUMBIA UNIVERSITY TO SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF;
COUNTERCLAIMS FOR BREACH OF CONTRACT AND DECLARATORY RELIEF; DEMAND FOR JURY TRIAL

6.    On information and belief, Amgen acquired all of the outstanding stock of Immunex on July 15, 2002, and Immunex is now a wholly-owned Amgen subsidiary.

## BACKGROUND FACTS

7.    Columbia and Amgen are parties to a contract entitled "License Agreement relating to U.S. Patent No. 4,399,216 et al." and dated as of June 1, 1989 (the "Amgen License Agreement").

8.    In the Amgen License Agreement, Columbia granted Amgen a non-exclusive license under certain patents and patent applications specified therein. In return, Amgen agreed, *inter alia*, to pay Columbia a royalty on sales of certain licensed products. Amgen further agreed to pay Columbia an annual license fee.

9.    On or about August 16, 2000, Amgen ceased paying royalties to Columbia, notwithstanding Amgen's continued sale of royalty-bearing, licensed products. Amgen has also failed, since that time, to pay Columbia the required annual license fee.

10.    Columbia and Immunex are parties to a contract entitled "License Agreement relating to U.S. Patent No. 4,399,216 et al.," and dated October 1, 1991 (the "Immunex License Agreement").

11.    In the Immunex License Agreement, Columbia granted Immunex a non-exclusive license under certain patents and patent applications specified therein. In return, Immunex agreed, *inter alia*, to pay Columbia a royalty on sales of certain licensed products. Immunex further agreed to pay Columbia an annual license fee.

12.    In or about the first financial quarter of 2002, Immunex ceased paying monies due to Columbia under the license agreement, notwithstanding on information and belief Immunex's continued sale of royalty-bearing, licensed products.

## FIRST CAUSE OF ACTION

### [Amgen's Breach of Contract]

13.    Columbia repeats, and incorporates by reference, the allegations set forth in paragraphs 1-12, inclusive, as if fully set forth herein.

14.    Amgen has breached and repudiated the Amgen License Agreement by, *inter alia,* failing to pay royalties on sales of licensed products, expressly repudiating its obligations under the Amgen License Agreement, and failing to pay the required annual license fee.

15.    Columbia has performed all of its obligations under the Amgen License Agreement.

16.    Amgen's breaches of the Amgen License Agreement have directly and proximately caused significant harm to Columbia, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### [Immunex's Breach of Contract]

17.    Columbia repeats, and incorporates by reference, the allegations set forth in paragraphs 1-16, inclusive, as if fully set forth herein.

18.    Immunex has breached and repudiated the Immunex License Agreement by, *inter alia,* failing to pay royalties on sales of licensed products, expressly repudiating its obligations under the Immunex License Agreement, and failing to pay the monies due thereunder.

19.    Columbia has performed all of its obligations under the Immunex License Agreement.

20.    Amgen's breaches of the Immunex License Agreement have directly and proximately caused significant harm to Columbia, in an amount to be proven at trial.

/ / /

/ / /

/ / /

23

## THIRD CAUSE OF ACTION

### [Declaratory Relief Against Amgen]

21.   Columbia repeats, and incorporates by reference, the allegations set forth in paragraphs 1-20, inclusive, as if fully set forth herein.

22.   A substantial, continuing and justifiable controversy has arisen between Columbia and Amgen regarding Amgen's royalty obligations under the Amgen License Agreement.

23.   Amgen contends that it has no ongoing royalty payment obligations to Columbia.  Columbia disputes this position.

24.   A judicial declaration pertaining to Amgen's royalty payment obligations under the Amgen License Agreement is necessary and would advance the interests of justice.

## FOURTH CAUSE OF ACTION

### [Declaratory Relief Against Immunex]

25.   Columbia repeats, and incorporates by reference, the allegations set forth in paragraphs 1-24, inclusive, as if fully set forth herein.

26.   A substantial, continuing and justifiable controversy has arisen between Columbia and Immunex regarding Immunex's royalty obligations under the Immunex License Agreement.

27.   Immunex contends that it has no ongoing royalty payment obligations to Columbia.  Columbia disputes this position.

28.   A judicial declaration pertaining to Immunex's royalty payment obligations under the Immunex License Agreement is necessary and would advance the interests of justice.

## PRAYER FOR RELIEF

WHEREFORE, Columbia prays for relief against Amgen and Immunex as follows:

24

A.    For a judgment against Amgen for breach of contract on the First Cause of Action and an award of compensatory damages in an amount to be proven at trial;

B.    For a judgment against Immunex for breach of contract on the Second Cause of Action and an award of compensatory damages in an amount to be proven at trial;

C.    For an award of pre-judgment interest on the First and Second Causes of Action;

D.    For a declaratory judgment against Amgen on the Third Cause of Action, including a judicial declaration of Amgen's royalty obligations under the Amgen License Agreement;

E.    For a declaratory judgment against Immunex on the Fourth Cause of Action, including a judicial declaration of Immunex's royalty obligations under the Immunex License Agreement;

F.    On all causes of action, for an award of attorney's fees and costs of suit; and,

G.    On all causes of action, for such additional relief as the Court deems just and appropriate.

Dated:  February 12, 2004

GIBSON, DUNN & CRUTCHER LLP

By: _____
                Kevin S. Rosen

Attorneys for Defendant and Counterclaimant,
The Trustees Of Columbia University
In The City Of New York

25

ANSWER OF COLUMBIA UNIVERSITY TO SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF;
COUNTERCLAIMS FOR BREACH OF CONTRACT AND DECLARATORY RELIEF; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Columbia hereby demands a trial by jury on all claims and issues so triable.

Dated:  February 12, 2004

GIBSON, DUNN & CRUTCHER LLP

By: _____
        Kevin S. Rosen

Attorneys for Defendant and Counterclaim
Plaintiff, The Trustees Of Columbia University
In The City Of New York

26

## DISCLOSURE STATEMENT

Columbia submits this Disclosure Statement pursuant to Rule 7.1(a), Federal Rules of Civil Procedure.  There is no parent corporation of Columbia, nor any publicly held corporation which owns more than 10% of Columbia's stock.

Dated:  February 12, 2004

GIBSON, DUNN & CRUTCHER LLP

By: _____
Kevin S. Rosen

Attorneys for Defendant and Counterclaimant,
The Trustees Of Columbia University
In The City Of New York

20169277_1.DOC

27

## CERTIFICATE OF SERVICE

I, Norma Chavira, declare as follows:

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 333 South Grand Avenue, Los Angeles, California 90071-3197, in said County and State. On February 12, 2004, I served the following document(s):

**ANSWER OF COLUMBIA UNIVERSITY TO SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; COUNTERCLAIMS FOR BREACH OF CONTRACT AND DECLARATORY RELIEF; DEMAND FOR JURY TRIAL**

on the parties stated below, by placing a true copy thereof in an envelope addressed as shown below by the following means of service:

| | |
|---|---|
| **Arthur Wineburg, Esq.**<br>Pillsbury Winthrop LLP<br>1133 Connecticut Avenue, N.W.<br>Washington, D.C.  20036<br>Tel:  (202) 775-9800<br>Fax:  (202) 833-8491 | **Kirke M. Hasson, Esq.**<br>Pillsbury Winthrop LLP<br>50 Fremont Street<br>Post Office Box 7880<br>San Francisco, CA  94120-7880<br>Tel:  (415) 983-1000<br>Fax:  (415) 983-1200 |

**Jennie L. La Prade, Esq.**
**Vicki G. Norton, Esq.**
Pillsbury Winthrop LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA  90017-5406
(213) 629-1033

☑ **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE:** I placed a true copy in a sealed envelope addressed to each person[s] named at the address[es] shown and giving same to a messenger for personal delivery before 5:00 p.m. on the above-mentioned date.

☐ **BY FACSIMILE:** From facsimile number (213) 229-7520, I caused each such document to be transmitted by facsimile machine, to the parties and numbers indicated above, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

☐  **BY UPS NEXT DAY AIR:** On the above-mentioned date, I placed a true copy of the above mentioned document(s) in a sealed envelope or package designated by the United Parcel Service with delivery fees paid or provided for, addressed to the person(s) as indicated above and deposited same in a box or other facility regularly maintained by United Parcel Service or delivered same to an authorized courier or driver authorized by United Parcel Service to receive documents.

☑  I am employed in the office of Kevin S. Rosen, a member of the bar of this court, and that the foregoing document(s) was(were) printed on recycled paper.

☐  **(STATE)**       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☑  **(FEDERAL)**    I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 12, 2004.

_Norma Chavira_
_____
Norma Chavira

20169277_1.DOC

2