# TAB 12

```
                                                                    1
                      UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MASSACHUSETTS




  BIOGEN, INC., ET AL                )   CA 03-11329
                                     )   Boston, MA
  v.                                 )   June 22, 2004
                                     )
  COLUMBIA UNIVERSITY, ET AL         )



                   BEFORE THE HONORABLE MARK L. WOLF
                      UNITED STATES DISTRICT JUDGE



  APPEARANCES:


  (As previously noted.)












                       JUDITH A. TWOMEY, RPR
                       Official Court Reporter
                         One Courthouse Way
                       Courtroom 10~Room 5200
                          Boston, MA 02210
                           (617)946-2577
```

54

1  Actually, it might be another reason to carve out the
2  prosecution laches.  The Federal Circuit, every time I
3  get a big patent case, I'm reminded, decides a lot of
4  cases.  Sometimes things that are unclear in June are
5  decided in September, and I don't know what's in the
6  pipeline.  But there seems to be a lot of litigation on
7  this subject.
8       MR. GINDLER:  There has been more recently, and
9  I think before Rifin, I think the majority view would
10 have been that you have to show prejudice.  And so Judge
11 Walker thought not, but I think he acknowledges the large
12 body of law that would suggest otherwise.  So that would
13 mean that we'd want to have discovery on all of the
14 prejudice that each one of the plaintiffs would want to
15 show.  And that really changes the landscape of the case.
16      I have one other thought on the issue, which is
17 that if we're going to have a schedule which carves out
18 some issue, it should be done in a way that's fair.  So
19 if you give them most of their claims, we don't have any
20 of our claims, that doesn't seem fair.
21      THE COURT:  What do you mean, your claims?
22      MR. GINDLER:  Here's what I mean.  If the case
23 were simply to go forward without any staging, we would
24 likely be filing infringement counterclaims.  They would
25 have their validity defenses.  Okay.  Well, if we do

57

1    best of my ability at that time, and that will be the
2    claim construction for all purposes in the case, unless
3    I'm later convinced I made a mistake.  But I'll try to do
4    it carefully the first time if it's in a concrete
5    context.  And then it was my thought that it was really
6    only Amgen where there would be any contested issues on
7    infringement if you have a valid '275 patent.
8            MR. GINDLER:  I think if you were to poll all
9    the plaintiffs in this courtroom and ask them if they
10   concede infringement, I feel pretty comfortable in
11   saying, no one is going to concede infringement.  They
12   will fight us to the nail on infringement.
13           Let me go back to the point about the Markman
14   hearing.
15           THE COURT:  And what kinds of issues or defenses
16   would they have on infringement?
17           MR. GINDLER:  I have no idea, because I think
18   they infringe, but, you know what, there's a lot of money
19   at stake, and I'm just going make a bold prediction that
20   they're all going to say, we have not infringement
21   attached to this.  I'm happy to have them say it right
22   now, but it's just my bold prediction.
23           THE COURT:  And what generically is a
24   non-infringement?  I mean, it's a fact specific defense.
25           MR. GINDLER:  It will be fact specific.

                                                                84

1          MR. GINDLER:  No, there are not more
2     independent claims, but they just chose three.
3          THE COURT:  How many independent claims are at
4     issue?
5          MR. GINDLER:  At issue in our case?  Well, we
6     haven't asserted any infringement claims against them
7     yet, so I don't know the answer to that.
8          THE COURT:  You say they addressed three.  If
9     they proved that there's double patenting with regard to
10    those three, does it knock you out on the other 17 too?
11         MR. GINDLER:  I don't think so.  I don't think
12    it does, no.
13         THE COURT:  You may have claim 1 left, I'm told,
14    unlinked.
15         MR. GINDLER:  Claim 1 is a good claim.
16         THE COURT:  It's got to be the most basic claim,
17    right?
18         MR. GINDLER:  Right.  But keep in mind that
19    double patenting is claim by claim, so they still have to
20    do one claim versus one other claim.  It's a very sort of
21    arcane process.  It's not claim 5 versus claims 1, 2, 3,
22    4, 5 off of the patent.  It's claim 5 versus --
23         THE COURT:  For me, it's not a question of keep
24    in mind.  You've got to teach me this.
25         MR. GINDLER:  Your Honor, could I address one