# TAB 13

Page 1

1                    UNITED STATES OF AMERICA
2            JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
3
4
5
6
7    MDL-1592        In re Columbia University Patent Litigation
8
9           (Excerpt of proceedings as to the above-entitled case
10   only)
11
12
13          Oral Argument on the above-described multidistrict
14   litigation case pursuant to 28 U.S.C. 1407, heard before the
15   Hon. Wm. Terrell Hodges, Chairman; John F. Keenan, Bruce M.
16   Selya, D. Lowell Jensen, J. Frederick Motz, Robert L.
17   Miller, Jr., and Kathryn H. Vratil, Judges of the Panel, at
18   9:59 a.m. on Tuesday, March 23, 2004, in Courtroom 13 A,
19   United States District Courthouse, 300 N. Hogan Street,
20   Jacksonville, Florida.
21
22
23   Reported by:
24          L. Marie Splane, CRR, RDR
            Official Court Reporter
25      P. O. Box 1196
        Jacksonville, Florida   32201-1196

## Page 2

1  APPEARANCES:
2  DAVID I. GINDLER
   Irell & Manella LLP
3  1800 Avenue of the Stars, Suite 900
   Los Angeles, California 90067-4276
4       appearing for The Trustees of Columbia
        University
5
   ARTHUR WINEBURG
6  Pillsbury Winthrop LLP
   1133 Connecticut Avenue, N.W.
7  Washington, DC 20036
        appearing for Immunex Corp. and Amgen, Inc.
8
   ADRIAN M. PRUETZ
9  Quinn Emanuel Urquart Oliver & Hedges, LLP
   865 South Figueroa Street, 10th Floor
10 Los Angeles, California 90017-2543
        appearing for Genentech
11
   DONALD R. WARE
12 Foley Hoag LLP
   155 Seaport Boulevard
13 Boston, Massachusetts 02210-2600
        appearing for Baxter Healthcare Corporation,
14      Biogen IDEC MA Inc., and Genzyme Corp.

## Page 3

1  March 23, 2004    P R O C E E D I N G S    9:59 a.m.
2       THE COURT: The next case on the docket is
3  MDL-1592, a new docket which we've denominated the Columbia
4  University Patent Litigation. At the moment we are aware of
5  seven actions pending in different districts in which the
6  defendant in each case has moved for centralization under
7  Section 1407. And the first to be heard in support of that
8  motion, I believe, is Mr. Gindler.
9       JUDGE JENSEN: And I would be recused in this
10 case.
11      THE COURT: All right. Judges Selya and Jensen
12 are recused.
13      MR. GINDLER: Good morning, Your Honors. My name
14 is David Gindler. I represent Columbia University.
15      You mentioned that there were seven cases pending,
16 and that was true when we filed our motion for
17 centralization. There are now eight cases pending. There
18 was seven involving 11 biotech companies. Now there are
19 eight, involving 12.
20      The last case involves a company called Serrano,
21 which has alleged the same bases for invalidating Columbia's
22 patent as all the other cases. The principal bases are
23 double patenting, prosecution of laches, and inequitable
24 conduct. There are some additional allegations in that case
25 shared by some, but not all of the other cases. But the

## Page 4

1  test, of course, is common questions, not identical
2  questions.
3       There have been a couple of things which have
4  happened since the papers have been filed. Just recently,
5  Columbia sent termination notices to many of the licensees.
6       Now, this raises an issue that some of the
7  licensees, the plaintiffs, raised in their papers, which is,
8  will there be claims by Columbia back against the biotech
9  companies for infringement or for breach of contract? And
10 the answer is, probably. Again, some of them. We've
11 already asserted claims against three of them, I believe,
12 and there probably will be more coming. So the question is,
13 does that make a difference? And I think the answer is no.
14      Does it make a difference for a couple of reasons?
15 The first reason is, all those claims are going to require
16 claim construction. An infringement case will require a
17 Markman hearing. Just as well, all of the claims by the
18 plaintiffs against Columbia, those will all require a
19 Markman hearing. And so that will be the central event in
20 all of the cases, the claim construction hearing. So it
21 makes no difference.
22      And, in fact, the vast majority of the cases, the
23 published cases on multidistrict litigation involving
24 patents involve infringement cases, not invalidity cases
25 where courts have held if you have many cases which are

## Page 5

1  pending, involving one patent asserted against many parties,
2  they should be done together.
3       Well, here we have many biotech companies trying
4  to invalidate a patent which is owned by Columbia, and
5  Columbia may have counterclaims. And those should all be
6  done together.
7       There has been another development since the
8  filing of the papers, and that is the lack of cooperation
9  among the plaintiffs. I know that one factor the court
10 considers is: Can we deal with this issue simply by
11 encouraging informal coordination? Well, as the court may
12 have seen, no one has offered to coordinate discovery or
13 anything across all of the cases.
14      And since the filing of the papers, two things
15 have happened. One is that Serrano, the most recent case to
16 be filed, wanted to serve some discovery. And they called
17 me up and said, We want to serve some documents requests. I
18 responded by saying, well, we have an MDL motion pending,
19 why don't you wait? They said, We'd rather not. And they
20 served the document requests, and we objected.
21      A second thing that's happened is that the
22 plaintiffs in the Amgen case tried to barrel forward with
23 discovery in their action. The clerk sent out an order
24 setting a trial date and a discovery cutoff date, and Amgen
25 responded by saying, Great, let's have discovery. And