# TAB 16

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIOGEN, INC., GENZYME CORPORATION, and ABBOTT BIORESEARCH CENTER, INC.<br><br>Plaintiffs,<br><br>v.<br><br>THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,<br><br>Defendant. | Civil Action No. 03-11329-MLW<br><br>Part of MDL No. 1592 (MLW) |

**COLUMBIA UNIVERSITY'S SUPPLEMENTAL MEMORANDUM OF LAW ON THE PROPRIETY OF AN INJUNCTION PROHIBITING TERMINATION OF BIOGEN AND GENZYME'S LICENSE AGREEMENTS WITH RESPECT TO ALL RIGHTS OTHER THAN THE '275 PATENT**

Thomas F. Maffei (BBO # 313220)
Scott McConchie (BBO # 634127)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA  02210-2600
(617) 542-9900
(617) 542-0900 (fax)

Wayne M. Barsky
Kevin S. Rosen
Gibson, Dunn & Crutcher LLP
2029 Century Park East, Suite 4000
Los Angeles, CA 90067
(310) 552-8500
(310) 551-8741 (fax)

Morgan Chu
David I. Gindler
Jason G. Sheasby
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067
(310) 203-7000
(310) 203-7199 (fax)

ATTORNEYS FOR THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK

1139991

a preliminary injunction were ultimately heard by the Court after the conclusion of reexamination and reissue proceedings, and if the Court were to reach a decision in favor of Biogen and Genzyme on the motion, the Court would have the power to enter an order *nunc pro tunc* enjoining the termination of the license agreements effective as of the date on which Biogen and Genzyme filed their motion.

Biogen and Genzyme rejected this proposal. Indeed, they offered no proposal designed to address the issue of avoiding prejudice *during the duration of a stay*. Instead, they suggested that Columbia agree to the following: (1) Columbia's proposed "standstill" described in the preceding paragraph shall last for the *duration of the entire case*; and (2) if the '275 patent is found to be valid and infringed by Biogen and Genzyme at the end of the case, the reasonable royalty for computing Columbia's damages for patent infringement shall be no higher than the royalty rate set forth in the existing license agreements. Biogen and Genzyme said that, if Columbia agreed to these two requirements, Biogen and Genzyme would withdraw their pending motion for a preliminary injunction.

Plaintiffs' proposal serves the same obvious goal as their preliminary injunction motion: to immunize themselves from any business risk associated with their challenge to the validity and enforceability of the '275 patent. Indeed, if Columbia were to agree to plaintiffs' proposal, Biogen and Genzyme would appear to face no financial downside from an infringement action against them, as their liability for royalties or damages would be capped at the royalty rate specified in their license agreements. In short, whether by agreement from Columbia or relief from this Court, Biogen and Genzyme want to keep the benefits of their license agreements—a royalty rate that is far below the market rate that would apply if the '275 patent were found to be valid and infringed; and immunity from enhanced damages for willful infringement—without paying anything for those benefits. In