# TAB 19

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7106
FACSIMILE (310) 556-5206
dgindler@irell.com

November 19, 2003

The Honorable Vaughn R. Walker
United States District Court Judge
450 Golden Gate Avenue
Courtroom 6, 17th Floor
San Francisco, California 94102

      Re:    <u>Genentech, Inc. v. Columbia University, Case No. C 03-1603 VRW</u>

Dear Judge Walker:

      This law firm represents Columbia University in connection with the above-referenced action. I am writing to respond briefly to the letter from Genentech's counsel dated November 18, 2003, in which Genentech takes the position that the relevant witnesses in this case—most of whom are third parties—should be deposed on separate occasions in this case *and* in the six related cases currently pending around the country. This self-serving position, which would require the same witnesses to provide the same testimony on multiple occasions, is untenable and should be rejected.

      There are currently seven lawsuits, spread among four judicial districts in three states, challenging the validity of the '275 Patent. Columbia believes that the proceedings in these related cases—which involve nearly identical legal and factual issues, a point that Genentech concedes—should be consolidated to the maximum extent possible. As we explained to Your Honor at the Case Management Conference, it has been Columbia's goal to transfer all of the related actions to the Northern District of California pursuant to 28 U.S.C. § 1404(a), where all proceedings, from discovery through trial, can be consolidated. Unfortunately, Columbia has recently learned that it will not be possible to use § 1404(a) to achieve this goal. On November 13, 2003, Judge Pfaelzer denied Columbia's motion to transfer in *Immunex Corp., et al. v. Columbia University* (Case No. CV 03-4349 MRP (CWx)), pending in the Central District of California. Although Judge Pfaelzer's minute order does not articulate the specific basis for her ruling, the plaintiffs' leading argument was that § 1404(a) permits transfer only where an action initially "might have been brought" in the transferee district and that the plaintiffs could not have filed their action in the Northern District of California because venue would not have been proper. Columbia's motions to transfer other related cases are still pending.

      Given that it will not be possible to transfer all of the related cases to the Northern District of California under § 1404(a), Columbia intends to file a motion next week with the

1061695.2 01

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

The Honorable Vaughn R. Walker
November 19, 2003
Page 2

Judicial Panel on Multidistrict Litigation ("JPMDL"), requesting that the JPMDL transfer all of the related cases to this Court under 28 U.S.C. § 1407. While transfer under § 1407 does not allow for a single consolidated trial, it does allow for the consolidation of all pretrial proceedings—including discovery, the claim construction hearing, and summary judgment.

As the very purpose of the multidistrict litigation rules is to synchronize and consolidate a variety of cases under a common pre-trial schedule, thereby eliminating duplicative discovery and conserving judicial resources, it makes little sense to allow Genentech to pursue deposition discovery in advance of a ruling by the JPMDL on Columbia's motion, unless Genentech agrees to coordinate those depositions with the other pending actions. Indeed, irrespective of whatever ruling the JPMDL may make, this Court has the inherent power to limit the "frequency and extent of the use of the discovery methods otherwise permitted," Fed. R. Civ. P. 26(b)(2), particularly where necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Accordingly, using this power, district courts have required coordinated discovery among cases in different districts even where the JPMDL has ruled against consolidated pre-trial proceedings. *E.g., Metropolitan Life Insurance Co. v. Liberty Life Insurance Co.*, 585 F. Supp. 1398, 1399 (W.D.N.C. 1984) (ordering that "[a]ll discovery in this case and in the South Carolina case shall be coordinated so that discovery taken in the two cases shall not be duplicated. The parties are directed to avoid repetition and redundancy in their discovery requests.") (copy attached).

Moreover, Columbia also believes that it makes little sense for the parties in this case to begin serving their disclosures under the Patent Local Rules—the first disclosure is due on December 19, 2003—only to have the entire claim construction process repeat itself in this Court if the JPMDL grants Columbia's motion. Indeed, whether or not the JPMDL grants Columbia's motion, there is a need to revise the case schedule, given that a second action involving the validity and enforceability of the '275 Patent was just recently filed in this district and likely will be transferred to Your Honor. *See Columbia University v. Johnson & Johnson, et al.*, Case No. C 03-4875 JL. Columbia has filed a Notice of Related Case pursuant to Local Rule 3-12.

We welcome the opportunity to discuss these issues promptly in a telephonic hearing with the Court. We thank Your Honor for his attention to this matter.

Very truly yours,

David I. Gindler

cc:   Charles K. Verhoeven, Esq.

1061695.2 01

585 F.Supp. 1398  
1984-2 Trade Cases P 66,087  
(Cite as: 585 F.Supp. 1398)

Page 1

United States District Court,  
W.D. North Carolina,

Charlotte Division.

METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff-Counterdefendant,  
v.  
LIBERTY LIFE INSURANCE COMPANY and James D. Caldwell, Defendants-Counterclaimants,  
v.  
METROPOLITAN INSURANCE AND ANNUITY COMPANY, Counterdefendant.

No. C-C-83-915-M.

June 7, 1984.

Following denial by the Judicial Panel on Multidistrict Litigation of consolidated pretrial proceedings, the District Court, McMillan, J., held that notwithstanding refusal of consolidated pretrial proceedings, the court would enter order in an attempt to accomplish essentially same thing that multidistrict litigation theory was designed to accomplish.

Ordered accordingly.

West Headnotes

[1] Federal Civil Procedure ⚷1921  
170Ak1921 Most Cited Cases

Trial judges have a duty to structure pending litigation in an efficient and sensible manner.

[2] Federal Civil Procedure ⚷1922  
170Ak1922 Most Cited Cases

Where necessary, pretrial procedures should be implemented to streamline litigation which otherwise would cause an unnecessary expenditure of time and effort and would deplete resources of the courts.

[3] Federal Civil Procedure ⚷1271  
170Ak1271 Most Cited Cases

[3] Federal Civil Procedure ⚷1935.1  
170Ak1935.1 Most Cited Cases  
(Formerly 170Ak1935)

Notwithstanding that multidistrict panel had refused to consolidate pretrial proceedings in three cases involving substantially identical parties and overlapping issues of fact, district court would enter order to accomplish essentially same thing that multidistrict litigation theory was designed to accomplish, including an order that all discovery be coordinated so as to avoid repetition and redundancy in discovery requests.

*1398 H. Hugh Stevens, Jr., Sanford, Adams, McCullough & Beard, Raleigh, N.C., for plaintiff-counterdefendant.

Joseph W. Eason, Moore, Van Allen and Allen, Raleigh, N.C., and Daniel G. Clodfelter, Moore, Van Allen and Allen, Charlotte, N.C., for defendants- counterclaimants.

ORDER COORDINATING DISCOVERY

McMILLAN, District Judge.

This case was heard on March 5, 1984, upon various outstanding motions. The court has previously issued an order dated March 15, 1984, disposing of some of the pending motions. The court has now reviewed the file and other record material relevant to discovery, has considered the briefs and arguments of the parties relating to that issue, and now makes the following order relating to discovery.

Three cases involving substantially identical parties and overlapping issues of fact and law have been filed by Metropolitan Life Insurance Company ("Metropolitan") against Liberty Life Insurance Company ("Liberty") and four Liberty employees. By order entered February 6, 1984, the Panel on Multidistrict Litigation denied transfer of these cases for consolidated pretrial proceedings. These cases are now pending before me in this district and before two other judges in the United States District Court for the District of South Carolina, Greenville Division, captioned *Metropolitan Life Insurance Company v. Liberty Life Insurance Company, Jon M. Rogers and John D. Silvers,* No. 83-2895-3, and in the Circuit Court of Escambia, Florida, First

585 F.Supp. 1398  
1984-2 Trade Cases P 66,087  
(Cite as: 585 F.Supp. 1398)

Page 2

Judicial Circuit of Florida, Division K, captioned *Metropolitan Life Insurance Company v. Harold M. Merchant, Jr. and Liberty Life Insurance Company*, No. 83-3949-CA-01.

*1399 [1][2][3] It seems to me that the Multidistrict Panel, although it has refused consolidated pretrial proceedings, has pretty well put it up to the judges involved in these cases to devise something which will accomplish essentially the same thing that the multidistrict litigation theory was designed to accomplish. Whether this is so or not, the discovery rulings that I make in this case are going to be made with the idea that, consistent with everyday principles of justice, I will try to accomplish that purpose. Trial judges have a duty to structure pending litigation in an efficient and sensible manner. Where necessary, procedures should be implemented to streamline litigation which otherwise would cause an unnecessary expenditure of time and effort and would deplete the resources of the courts. In order to conserve the resources of the courts and of the parties involved, and to reduce duplicative or otherwise wasteful expenditures of time and energy caused by the pendencies of three cases in three courts instead of one case in one court, IT IS HEREBY ORDERED:

1. All discovery in this case and in the South Carolina case shall be coordinated so that discovery taken in the two cases shall not be duplicated. The parties are directed to avoid repetition and redundancy in their discovery requests. Discovery taken by a party in the South Carolina case shall not be repeated in this case, and any discovery taken in the South Carolina case may be used for all permissible purposes and admitted into evidence in this case consistent with the applicable rules of civil procedure and evidence.

2. Any document request served in the South Carolina case shall be deemed served in this case. Documents produced in response to a document request in the South Carolina case shall be deemed produced for this case and may be used for all permissible purposes and admitted into evidence in this case consistent with the applicable rules of civil procedure and evidence.

3. Any deposition noticed in the South Carolina case shall be deemed noticed in this case. Deposition testimony taken and deposition exhibits marked for identification in the South Carolina case shall be deemed taken in and identified for this case, and may be used for all permissible purposes and admitted into evidence in this case consistent with the applicable rules of civil procedure and evidence.

4. Any interrogatory served in the South Carolina case shall be deemed served in this case. Answers to interrogatories served in the South Carolina case shall be deemed served in this case and may be used for all permissible purposes and admitted into evidence in this case consistent with the applicable rules of civil procedure and evidence.

5. Any request for admission served in the South Carolina case shall be deemed served in this case. Responses to requests for admissions served in the South Carolina case shall be deemed served in this case and may be used for all permissible purposes and admitted into evidence in this case consistent with the applicable rules of civil procedure and evidence.

6. The discovery conducted in this case will be allowed to cover all issues presented in the South Carolina case.

7. Subject, of course, to any contrary order of the South Carolina judge, the discovery conducted by the parties before me who are involved in the South Carolina case will not be limited to South Carolina facts, but will include all materials, if demanded, which may also be used in this case in this court.

8. Counsel who are in this case in this court shall serve timely formal notice upon counsel for all parties in the South Carolina case of all discovery procedures so that the South Carolina counsel can take part in such procedures.

9. Counsel for the parties in the South Carolina and Florida cases may be present, when feasible, at any deposition in this case in which they may have an interest, and one attorney in each case may question a witness at the time of such deposition. Counsel shall avoid repetition and redundancy in questioning a witness if more than *1400 one counsel questions a witness at a deposition.

10. If a party attempts to take in this case repetitive

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

585 F.Supp. 1398
1984-2 Trade Cases P 66,087
(Cite as: 585 F.Supp. 1398)

Page 3

or duplicative discovery previously taken in another case, then the person from whom such discovery is sought shall be under no obligation to respond unless the party seeking the discovery shall obtain a court order, upon a showing of good cause as to the need to retake the same discovery. Disputes concerning discovery shall be resolved in the court having jurisdiction over the action in which the disputed request is filed or served.

11. The parties will provide suggestions at future times for other procedures which counsel consider would be appropriate to economize on duplicative or otherwise wasteful expenditures of time and energy in any further proceedings caused by the pendencies of three cases in three courts instead of one case in one court.

12. In regard to the Florida case, which has been remanded to the state court from the United States District Court for the Northern District of Florida, the parties in this case are advised to conduct themselves in accord with the order entered in this action on May 4, 1984.

585 F.Supp. 1398, 1984-2 Trade Cases P 66,087

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works