UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIOGEN IDEC INC., BIOGEN IDEC MA, INC. and GENZYME CORPORATION<br><br>       Plaintiffs,<br>  v.<br><br>THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,<br><br>       Defendant. | Civil Action No. 04-CV-12009 MLW |

**COLUMBIA UNIVERSITY'S RESPONSE TO PLAINTIFFS' OPPOSITION TO ITS REQUEST FOR JUDICIAL NOTICE**

Dated:  February 25, 2005

Morgan Chu
David I. Gindler
Jason G. Sheasby
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067
Telephone:  (310) 277-1010
Facsimile:   (310) 203-7199

Thomas F. Maffei (BBO # 313220)
Scott McConchie (BBO # 634127)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA  02210-2600
Telephone:  (617) 542-9900
Facsimile:   (617) 542-0900

ATTORNEYS FOR DEFENDANT
THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF
NEW YORK

1259717

**INTRODUCTION**

The Court should deny plaintiffs' request to strike or deny Columbia's Request for Judicial Notice ("RJN").  First, plaintiffs have no support for their claim that Columbia had an obligation to meet and confer with them under Local Rule 7.1(a)(2) as to each item of evidence listed in the RJN.  An RJN is simply a mechanism to place evidence before the Court.  Plaintiffs provide no explanation why Local Rule 7.1(a)(2) would require an attorney conference when offering evidence through an RJN but not when offering evidence through other means, such as a supporting declaration.  Second, plaintiffs are wrong to suggest that the RJN is an improper attempt to place facts before the Court that are not subject to judicial notice.  They do not dispute that the record in a related case—which makes up most of the proffered documents to which plaintiffs object—is subject to judicial notice.  Moreover, they ignore Columbia's express statement that it is not asking the Court to accept the truth of the statements or opinions in any documents referenced in the RJN.

**ARGUMENT**

**I.    Columbia Complied With Local Rule 7.1(a)(2) In Connection With The Motion To Dismiss**

Plaintiffs argue that, in addition to conferring about the Motion to Dismiss in accordance with Local Rule 7.1(a)(2), Columbia's counsel was also required to confer with plaintiffs' counsel in connection with the various documents that Columbia intended to submit to the Court through the RJN.  (RJN Opp. at 3.)  There is nothing in the Local Rules that could be interpreted to require Columbia to do so.

Local Rule 7.1(a)(2) states that "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue."  Columbia followed that rule when David Gindler spoke by telephone with plaintiffs' counsel on January 13, 2005.  He informed plaintiffs' counsel that Columbia believed that

the amended complaint was deficient and that Columbia intended to file a Motion to Dismiss. He discussed with plaintiffs' counsel each of the grounds on which Columbia would be seeking dismissal of the amended complaint. Because plaintiffs refused to withdraw their pleading, Columbia filed its motion the next day. Plaintiffs cite no authority for the proposition that this straightforward rule also required Columbia to confer with plaintiffs about the individual documents Columbia intended to submit in support of the motion through an RJN. Indeed, Local Rule 7.1 itself differentiates between a "motion," and the "[a]ffidavits or other documents setting forth or evidencing facts on the motion is based." *See* Local Rule 7.1(b)(1).[1]

An RJN is simply an mechanism for a party to place evidence before the Court. Fed. R. Evid. 201(d) ("A court shall take judicial notice if requested by a party and supplied with the necessary information.") Another mechanism for introducing evidence is to submit exhibits attached to an authenticating declaration from an attorney or other witness, as plaintiffs have often done in support of their own motions—and as they did with their opposition to this motion. Just as plaintiffs were not required to confer with Columbia, and did not confer with Columbia, about every document that they attached as an exhibit to their opposition, Columbia had no obligation to do the same with its RJN. Plaintiffs cite no authority for the proposition that the rules contemplate that parties meet and confer about every item of evidence they intend to submit in support of or in opposition to a motion.[2]

---

[1] Plaintiffs' description of the communications between counsel regarding the RJN is not entirely accurate or complete. A fuller account of these communications is set forth in the Declaration of David I. Gindler, attached hereto.

[2] It is more than a little ironic that plaintiffs have pursued such an aggressive reading of Local Rule 7.1(a)(2), given their own more blatant failure to comply with this rule. In a footnote in their opposition to Columbia's Motion to Dismiss, plaintiffs request that the Court grant them leave to further amend their amended complaint to assert a breach of contract claim under third-party beneficiary theory. (Opp. at 32 n. 14.) Plaintiffs never

Moreover, plaintiffs cannot complain that they were prejudiced by Columbia's RJN. Shortly after Columbia's counsel spoke to plaintiffs' counsel about the RJN, Columbia agreed not to oppose plaintiffs' request for an additional two weeks to respond to Columbia's motion. (Gindler Decl. ¶ 6.) Thus, plaintiffs received plenty of time to respond to Columbia's RJN, and their "opposition" will ensure that plaintiffs' views are adequately aired before the Court takes any action. Additionally, plaintiffs' insinuation that Columbia's RJN was "a deliberate strategy" to improperly influence the Court, (RJN Opp. at 3), is belied by the fact that this Court is already aware of nearly all of the documents to which plaintiffs object, since they largely consist of documents written by the Court itself, transcripts of proceedings before this Court, or documents filed with this Court in the MDL proceeding. Given that it was plaintiffs who took the unusual step of suing Columbia for its conduct in a previous litigation before the same Court and involving nearly identical parties, they can hardly be surprised that Columbia would prefer that the Court refer to the actual record in that previous case, rather than plaintiffs' misleading characterizations in their Amended Complaint.

## II. Columbia's Request For Judicial Notice Is Entirely Proper

On a motion to dismiss, a court is "required . . . to consider not only the complaint but also matters fairly incorporated within it and matters susceptible to judicial notice." *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003). There are a number of documents to which plaintiffs do not object—namely Exhibits I, J, K, L, M, N, O and P. Nearly all of the documents to which plaintiffs do object are court orders or documents filed by the parties in the related MDL litigation. Those documents are subject to judicial notice.

---

conferred with Columbia about that request pursuant to Local Rule 7.1(a)(2), nor have they even bothered to file a motion in proper form.

*Town of Norwood, Mass. v. New England Power Co.*, 202 F.3d 408, 412 n.1 (1st Cir. 2000); 21 Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 5106 (2004) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.")

    The documents attached to the RJN were submitted for the proper purpose of addressing plaintiffs' self-serving and incomplete descriptions of salient events in *Biogen I*. For example, in the amended complaint plaintiffs take issue with and mischaracterize Columbia's oppositions to various efforts to conduct discovery in advance of a ruling on its MDL motion, (AC ¶ 51), Columbia's motions to transfer under the MDL statute, (*id.*), Columbia's opposition to plaintiffs' motion for a preliminary injunction, (AC ¶ 72), and Columbia's filing of a motion to dismiss based on its covenant not to sue, (AC ¶ 65). To the extent that Columbia's filings and the Court's orders ratifying Columbia's conduct contradict plaintiffs' allegations, those allegations must be disregarded. *Hunt-Golliday v. Metropolitan Water Reclamation District of Greater Chicago*, No. 02 C 9199, 2004 WL 407012, at *3 (N.D. Ill. Mar. 4, 2004) ("While it is generally true that, in ruling on a motion to dismiss, the court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences from those facts in the plaintiff's favor, . . . the court need not accept as true allegations that are contradicted by judicially noticed facts.") (citing *In re Woodmar Realty Co.*, 294 F.2d 785, 788 (7th Cir. 1961)); 5C Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 1363 (3d ed. 2004) (In ruling on a Rule 12(b) motion, "[t]he district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by . . . exhibits . . . incorporated in the pleading.")[3]

---

[3] Plaintiffs contend that the motions and orders Columbia proffered from the *Genentech* and *Amgen* cases are irrelevant. (RJN Opp. at 5.) That is not the case. Those documents address the allegations in the Amended Complaint pertaining to Columbia's

Finally, plaintiffs' reliance on cases stating that judicial notice may not be used to prove the truth of the contents of a document, (RJN Opp. at 4), is a red herring; Columbia has not taken a contrary position. As Columbia's counsel has made clear, "Columbia is not asking the Court to accept as true the statements or opinions set forth in the documents. Columbia is only asking the Court to take judicial notice of the existence and content or each document (*i.e.*, that the document exists and contains certain statements or opinions made by a particular party or person)." (RJN Opp. Tab C.) Indeed, plaintiffs themselves appear to admit that the existence and contents of the court records Columbia proffered are not subject to reasonable dispute. (RJN Opp. at 3) ("[P]laintiffs might have agreed that the Court could take notice of the fact that a particular court had issued a particular ruling on a particular day.").

In addition, plaintiffs are wrong to suggest that the existence and contents of Professor Ruddle's expert reports, which were filed in the related MDL proceedings, are not equally subject to judicial notice. While it is true that the Court may not take judicial notice of the truth of Dr. Ruddle's opinions, Columbia never asked the Court to do so. Rather, Columbia has requested that the Court take judicial notice of the content of the opinions stated in his reports (*e.g.*, that his reports conclude that the '275 patent is not invalid for double-patenting, but not that his conclusion is correct).[4]

Finally, the Court should consider the letters from Columbia, (RJN Exs. U, V, W and X), on this motion to dismiss for the additional reason that they are explicitly referenced in the Amended Complaint. *Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co.*,

---

allegedly improper refusal to engage in discovery in those cases. (AC ¶ 51.) If those documents are irrelevant, so are plaintiffs' corresponding allegations.

[4] Based on these principles, Columbia hereby withdraws its request for judicial notice as to Exhibit S of the RJN.

1259717

- 5 -

228 F.3d 24, 32 (1st Cir. 2000) (On a motion to dismiss, "it is well-established that . . . [the Court] 'may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint, without converting the motion into one for summary judgment.'") (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).  *Compare* AC ¶ 49 ("Columbia announced to Biogen [and] Genzyme . . . that . . . the issuance of the '275 patent had triggered the obligation to pay royalties under the License Agreements once again.") *with* RJN Exs. U, V; *compare* AC ¶ 62 ("On March 9, 2004 . . . Columbia sent letters to Biogen and Genzyme asserting that they were in breach of their License Agreements and stating its intention to terminate the licenses . . .") *with* RJN Exs. W, X.

## CONCLUSION

For the foregoing reasons, the Court should reject plaintiffs' unfounded attack on Columbia's Request for Judicial Notice.

| | |
|---|---|
| February 25, 2005 | Respectfully submitted, |
| | THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK |
| | By its attorneys, |
| | /s/ David I. Gindler<br>David I. Gindler<br>Irell & Manella LLP |