UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BIOGEN IDEC INC., BIOGEN IDEC MA, INC. and GENZYME CORPORATION<br><br>         Plaintiffs,<br>     v.<br><br>THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,<br><br>         Defendant. | Civil Action No. 04-CV-12009 MLW |

**DECLARATION OF DAVID I. GINDLER**
**IN SUPPORT OF COLUMBIA UNIVERSITY'S RESPONSE TO PLAINTIFFS'**
**OPPOSITION TO ITS REQUEST FOR JUDICIAL NOTICE**

Dated:  February 25, 2005

Morgan Chu
David I. Gindler
Jason G. Sheasby
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Thomas F. Maffei (BBO # 313220)
Scott McConchie (BBO # 634127)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA  02210-2600
(617) 542-9900
(617) 542-0900 (fax)

ATTORNEYS FOR THE TRUSTEES
OF COLUMBIA UNIVERSITY IN
THE CITY OF NEW YORK

I, David I. Gindler, declare as follows:

1.      I am a partner at the law firm of Irell & Manella LLP, counsel of record for The Trustees of Columbia University in the City of New York ("Columbia").  I am a member in good standing of the State Bar of California.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      On January 13, 2005, I conferred with Claire Laporte, counsel for plaintiffs, with respect to Columbia's forthcoming Motion to Dismiss.  I told Ms. Laporte that Columbia believed that the amended complaint was deficient for a number of different reasons.  I went through each of the various legal deficiencies during our call.  Ms. Laporte said that she would talk with her colleagues about our motion and would call me back if she believed that there was any relief to which plaintiffs would agree.  I did not receive a call back from Ms. Laporte.

3.      During our call on January 13, 2005, I did not discuss with Ms. Laporte the various evidentiary documents that Columbia intended to submit to the Court in connection with its motion to dismiss.  I did not believe that Local Rule 7.1(a) contemplated that counsel would confer regarding each evidentiary document that might accompany a motion, whether submitted pursuant to a request for judicial notice or an authenticating declaration from an attorney or other witness.  I have participated in many Local Rule 7.1(a)(2) conferences with Ms. Laporte and others at her firm with respect to motions filed on behalf of their clients, and during those conferences we never discussed any of the evidentiary support that plaintiffs intended to offer in connection with their motion.  Thus, for example, when Ms. Laporte and I conferred in advance of the filing of plaintiffs' motion to enjoin the

1260736                          - 1 -

termination of their license agreements, Ms. Laporte did not disclose that plaintiffs intended to ask the Court to consider and admit expert testimony regarding the interpretation and validity of the claims of the '275 patent in connection with that motion.

4.      On January 20, 2005, I received a call from Claire Laporte requesting clarification about the scope of Columbia's Request for Judicial Notice filed with Columbia's Motion to Dismiss.  She inquired whether Columbia was seeking judicial notice that a particular document or order had been filed on a particular day, or judicial notice of the truth of the matters contained in each document.  I told her that Columbia was only seeking judicial notice of the existence and content of each document, but not the truth of anything contained in each document.  She requested that I either withdraw the Request for Judicial Notice or re-file it in a more particularized form.  I told her that I did not see any need to do so, given that I had answered her questions.  To avoid any confusion, I sent her a letter confirming our conversation, which is attached as Tab A to plaintiffs' opposition to the Request for Judicial Notice.

5.      The following day, I received a letter from Ms. Laporte, a copy of which is attached as Tab B to plaintiffs' opposition.  The letter essentially posed the very same questions that she asked—and which I answered—during our telephone conversation on the preceding day.  I responded to Ms. Laporte later that day; my letter is attached as Tab C to plaintiffs' opposition.

6.      A few days later, I had a further telephone conversation with Ms. Laporte, who asked whether Columbia would assent to an additional two weeks for plaintiffs to respond to Columbia's Motion to Dismiss and Request for Judicial Notice.  I told her Columbia would not oppose such a request.  By assenting to plaintiffs' request for an additional two weeks to respond, Columbia essentially re-started the clock on their time to

- 3 -

file their opposition papers.  As a result, plaintiffs were in essentially the same position as if

Columbia had withdrawn and then re-filed its Request for Judicial Notice after conferring

with plaintiffs' counsel on January 20, 2005.

Executed on February 25, 2005 at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that

the foregoing is true and correct.

/s/ David I. Gindler
David I. Gindler
